# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**DOCKETED**

**NOV 0 4 2002**

LAWRENCE E. JAFFE PENSION PLAN,
on behalf of itself and all others similarly
situated,

                Plaintiff,

      v.

HOUSEHOLD INTERNATIONAL, INC.,
ARTHUR ANDERSEN, LLP,
W.F. ALDINGER, and D.A.
SCHOENHOLZ,

                Defendants.

Civil Action No.: 1:02cv5893
Judge Ronald A. Guzman

**FILED**

**OCT 1 8 2002**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

MARC ABRAMS, on behalf of himself
and all others similarly situated,

                Plaintiff,

      v.

HOUSEHOLD INTERNATIONAL, INC.,
WILLIAM F. ALDINGER, and DAVID A.
SCHOENHOLZ,

                Defendants.

Civil Action No.: 1:02cv5934
Judge Humphrey Lefkow

[Captions continued on next page]

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
## NATCAN INVESTMENT MANAGEMENT, INC. TO CONSOLIDATE ACTIONS,
## TO BE APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF LEAD
## PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL



EISBERRY HOLDINGS, LTD., on behalf           :
of itself and all others similarly situated,       :
                                                   :
                         Plaintiff,                :
                                                   :
            v.                                     :    Civil Action No.: 1:02cv6130
                                                   :    Judge George M. Marovich
HOUSEHOLD INTERNATIONAL, INC.,               :
ARTHUR ANDERSEN, LLP,                         :
W.F. ALDINGER, and D.A.                        :
SCHOENHOLZ,                                    :
                                                   :
_____ Defendants. :
JEFFREY P. JANNETT, on behalf of             :
himself and all others similarly situated,        :
                                                   :
                         Plaintiff,                :
                                                   :
            v.                                     :    Civil Action No.: 1:02cv6326
                                                   :    Judge Marvin E. Aspen
HOUSEHOLD INTERNATIONAL, INC.,               :
WILLIAM F. ALDINGER, and DAVID A.            :
SCHOENHOLZ,                                    :
                                                   :
_____ Defendants. :
BERNARD DOLOWICH, on behalf of               :
himself and all others similarly situated,        :
                                                   :
                         Plaintiff,                :
                                                   :
            v.                                     :    Civil Action No.: 1:02cv6352
                                                   :    Judge Rebecca R. Pallmeyer
HOUSEHOLD INTERNATIONAL, INC.,               :
ARTHUR ANDERSEN, LLP,                         :
W.F. ALDINGER, and D.A.                        :
SCHOENHOLZ,                                    :
                                                   :
_____ Defendants. :
[Captions continued on next page]

RONALD A. HANSCHMAN, on behalf of
himself and all others similarly situated,

                         Plaintiff,

         v.
                                        Civil Action No.: 1:02cv6859
                                        Judge Charles R. Norgle, Sr.

HOUSEHOLD INTERNATIONAL, INC.,
WILLIAM F. ALDINGER, and DAVID A.
SCHOENHOLZ,

                           Defendants.

GERALD M. FRIEDEL, on behalf of
himself and all others similarly situated,

                         Plaintiff,

         v.
                                        Civil Action No.: 1:02cv7067
                                        Judge John W. Darrah

HOUSEHOLD INTERNATIONAL, INC.,
WILLIAM F. ALDINGER, and DAVID A.
SCHOENHOLZ,

                           Defendants.

## PRELIMINARY STATEMENT

       Household International, Inc. investor Natcan Investment Management, Inc. (the "Proposed

Lead Plaintiff" or "Movant"), has sustained losses totaling approximately $1,882,475. Accordingly,

the Proposed Lead Plaintiff is believed to have suffered the largest financial loss of any other Movant,

and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate

plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movant hereby

moves for its appointment as Lead Plaintiff of a proposed class of persons or entities who purchased

the securities of Household International, Inc. ("Household" or the "Company") between October

23, 1997 and August 14, 2002, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (collectively, the "Related Actions") are securities purchaser

class action lawsuits that have been brought against certain officers and/or directors of the Company

alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Proposed Lead Plaintiff, with losses of approximately $1,882,475, in connection with its

purchases of Household securities during the Class Period, is suitable and adequate to serve as Class

representative.[1] The Proposed Lead Plaintiff's losses represent the largest known financial losses of

any Class member(s) seeking to be appointed as lead plaintiff. See Exhibit C.[2] Movant is not aware

of any other class member that has filed an action or filed an application for appointment as Lead

Plaintiff that sustained greater financial losses. In addition, Movant satisfies each of the requirements

of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore,

is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, Movant

is presumptively the most adequate Plaintiff and should be appointed Lead Plaintiff.

The Proposed Lead Plaintiff respectfully submits this memorandum of law in support of its

motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

U.S.C. §78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions

---

[1] The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[2] The Proposed Lead Plaintiff's sworn Certification documenting its transactions pursuant to the federal securities laws is attached hereto as Exhibit A.

concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Natcan Investment Management, Inc. to serve as Lead Plaintiff pursuant to Section 21D of the Exchange Act; (3) approving the Proposed Lead Plaintiff's selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class; (4) and approving the Proposed Lead Plaintiff's selection of Miller Faucher and Cafferty, LLP as Liaison Counsel for the Class.

### PROCEDURAL BACKGROUND

The first of the Related Actions was commenced on or about August 19, 2002. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(I), on August 19, 2002, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than October 18, 2002. See Exhibit B.

The Proposed Lead Plaintiff is a class member (see Exhibit A) and is filing this motion within the 60 day period following publication of the August 19, 2002 notice pursuant to Section 21D of the PSLRA.

### STATEMENT OF FACTS[3]

Household is a Delaware corporation with its principal executive offices in Prospect Heights, Illinois. Household is principally a holding company engaged in three segments: (i) consumer lending, mortgage services, retail services and auto finance businesses; (ii) domestic Visa and MasterCard credit business; and (iii) an international segment that includes foreign operations in the United Kingdom and Canada.

---

[3]    These facts were derived from the allegations contained in the class action entitled *Abrams v. Household International, Inc., et al., Civil Action No.: 1:02cv5934.*

Throughout the Class Period, defendants failed to properly record expenses. On August 14, 2002, the same day the Company Chief Executive Officer ("CEO") and Chief Operating Officer ("COO") were required to certify the veracity of their financial statements, Household announced the restatement of its financial statements since 1994. Specifically, consultations with its new auditor, KPMG, concerning the amortization of certain credit card co-branding, marketing and affinity agreements led Household to restate earnings by $386 million. Furthermore, Household also manipulated its reported results during the Class Period by "re-aging" delinquent accounts, thereby manipulating the reserve ratio of non-performing assets and reserve ratio to charge-offs and cause assets to be overstated and charge-offs to be understated.

Household created an earnings boost from pension income in fiscal 2001. While companies usually record a periodic pension expense to reflect the amount of future employee benefits earned during a period, Household recorded income from the from the Company's pension plan in each of the past three years. This practice led Household to recognize approximately $38 million of pension income in fiscal 2001, compared with approximately $33 million of pension income in 2000, and $26 million of pension income in 1999. Absent this "boost," reported earnings for 2001 would have been reduced by $0.05 per share.

Moreover, since Household has admitted that it inappropriately recorded transactions included in its 1997 through 2002 results, and has restated those results to remove millions in improperly reported revenues, the presentation of Household's financial statements were therefore in violation of the Generally Accepted Accounting Principles ("GAAP") and SEC rules.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Household securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Household securities who purchased in reliance of the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

### II.    THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Proposed Lead Plaintiff Has Satisfied The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Plaintiff in the first-filed action published a notice on *PR*

*Newswire* on August 19, 2002. See Exhibit B.[4] This notice indicated that applications for

appointment as lead plaintiff were to be made no later than October 18, 2002.

Within 60 days after publication of the required notice, any member or members of the

proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have

previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

The purpose behind this detailed procedure is to encourage large investors, like the Proposed

Lead Plaintiff, to take control of private securities litigation. Moreover, it is Congress' view that

institutional plaintiffs, like the Proposed Lead Plaintiff herein, have the expertise and financial

wherewithal to seize the reigns of these class actions rather than ceding control to the lawyers. See

In re Nice Systems Securities Litig., 188 F.R.D. 206, 215-216 (D.N.J. 1999); In re Donnkenny, Inc.

Securities Litig., 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (citing Conference Report of Securities

Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31.

**B.   The Proposed Lead Plaintiff Constitutes The "Most Adequate Plaintiff"**

According to the PSLRA, the Court shall consider any motion made by a class member and

shall appoint as lead plaintiff the member of the class that the Court determines to be most capable

of adequately representing the interests of class members within 90 days after publication of the initial

notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(I). In determining who is the "most adequate

plaintiff," the Act provides that:

---

[4]   The *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6,1997).

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-

> (aa) has either filed the complaint or made a motion in response to a notice . . .

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist. LEXIS 11866 at *7.

In applying this presumption, the Proposed Lead Plaintiff is demonstrably the most adequate plaintiff. It has timely filed its motion to be appointed lead plaintiff along with its certification attesting to its transactions in Household securities during the Class Period. See Exhibit A.[2] In addition, the Proposed Lead Plaintiff, with losses totaling approximately $1,882,475 as a result of its Class Period purchases of Household securities, has the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff. See Exhibit C. Indeed, the losses sustained by institutional investor Natcan Investment Management, Inc. is believed to be representative of the single largest financial interest in this action. Moreover, the Proposed Lead Plaintiff has selected and retained competent and experienced counsel to represent them and the Class. See Exhibits D and E.

---

[2] Since the time Natcan Investment Management, Inc. Executed its Certification for this case it has sought to serve as a representative party for a class in securities class action lawsuits filed against BellSouth Corporation, et al., C.A. No.: 1:02cv2142 in the Northern District of Georgia, Atlanta Division.

Accordingly, the Proposed Lead Plaintiff has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submits that its application for appointment as Lead Plaintiff and its selection of Lead Counsel and Liaison Counsel should be approved by the Court.

### 1. The Proposed Lead Plaintiff Has Made A Motion For The Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Proposed Lead Plaintiff timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. The Proposed Lead Plaintiff Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, the Proposed Lead Plaintiff has the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have noted that four factors are surely relevant to this inquiry.

(1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."

In re Milestone Scientific Securities Litig., 183 F.R.D. 404, 413 (D.N.J. 1998) quoting Lax at *17. During the proposed Class Period, the Proposed Lead Plaintiff purchased 158,500[6] shares of Household securities at prices alleged to be artificially inflated by defendants' materially false and

---

[6]  Natcan Investment Management, Inc. acquired an additional 19,600 shares of Household securities as result of the 3:1 stock split on June 2, 1998.

-8-

misleading statements and omissions and sustained financial losses of approximately $1,882,475. <u>See</u> Exhibits A and C.

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large investors, such as Natcan Investment Management, Inc., to come forward to serve as Lead Plaintiff. As the Statement of Managers of the Act noted:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiff by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff."
>
> <u>Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.</u>

House Conference Report No. 104-369, 104th Cong. 1st Sess. At 34 (1995) (Emphasis added).

Similarly, the Senate report on the Act states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> <u>Institutions with large stakes in class actions have much the same interest as the plaintiff class generally</u> . . . .

Senate Report No. 104-98, 104th Cong. 1st Sess. At 11 (1995) (Emphasis added).

### 3. The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

-9-

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866 at *20. As detailed below, the Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

> **a. The Proposed Lead Plaintiff Fulfills**
> **The Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, *13-14 (N.D. Ill. October 28, 1996).

The Proposed Lead Plaintiff seeks to represent a class of purchasers of Household securities which have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiff satisfies the typicality requirement because, just like all other class members, it: (1) purchased or acquired Household securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Proposed Lead Plaintiff's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

**b.    The Proposed Lead Plaintiff Fulfills The Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to whether there are any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class. 15 U.S.C. §78u-4(a)(3)(B)(iii). The Proposed Lead Plaintiff is an adequate representative of the Class. The interests of the Proposed Lead Plaintiff are clearly aligned with the members of the putative Class, and there is no evidence of any antagonism between their respective interests. As detailed above, the Proposed Lead Plaintiff shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members. Further, the Proposed Lead Plaintiff already has taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed a

-11-

certification detailing its Class Period transactions and expressing its willingness to serve as a class

representative; it has moved this Court to be appointed as lead plaintiff in this action; and it has

retained competent and experienced counsel who, as shown below, will be able to conduct this

complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866 at 21-

25. Furthermore, the Proposed Lead Plaintiff has the largest known financial interest so that its

"financial stake in the litigation provides an adequate incentive for the [Proposed Lead Plaintiff] to

vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, the Proposed

Lead Plaintiff prima facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4))

requirements of Rule 23 of the Federal Rules of Civil Procedure.

Clearly, the Proposed Lead Plaintiff satisfies all prongs of the Exchange Act's prerequisites

for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

## III. THE COURT SHOULD APPROVE
## THE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C §78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval,

select and retain counsel to represent the Class. In that regard, the Proposed Lead Plaintiff has

selected and retained Schiffrin & Barroway, LLP to serve as Lead Counsel for the Class and Miller

Faucher and Cafferty, LLP to serve as Liaison Counsel for the Class. These firms have extensive

experience in prosecuting complex securities actions and are well qualified to represent the Class. See

Exhibits D and E.

Because there is nothing to suggest that the Proposed Lead Plaintiff or its counsel will not

fairly and adequately represent the Class, or that the Proposed Lead Plaintiff is subject to unique

defenses -- which is the only evidence that can rebut the presumption of adequacy under the Act --

-12-

this Court should appoint Natcan Investment Management, Inc. as Lead Plaintiff and approve its selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class and Miller Faucher and Cafferty, LLP as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Proposed Lead Plaintiff respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Natcan Investment Management, Inc. as Lead Plaintiff; (c) approve Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (d) approve Miller Faucher and Cafferty, LLP as Liaison Counsel for the Class.

Dated: October 18, 2002           Respectfully submitted,

By:                                      
Marvin A. Miller
Jennifer Winter Sprengel
Lori A. Fanning
**MILLER FAUCHER AND CAFFERTY LLP**
30 North LaSalle Street, Suite 3200
Chicago, IL 60602
Telephone: (312) 782-4880

*Proposed Liaison Counsel*

Andrew L. Barroway
Stuart L. Berman
Darren J. Check
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
Telephone: (610) 667-7706

*Proposed Lead Counsel*

-13-

SEE CASE
FILE FOR
EXHIBITS