# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5893 | **DATE** | 5/2/2003 |
| **CASE TITLE** | LAWRENCE E. JAFFE PENSION PLAN, vs. HOUSEHOLD INTERNATIONAL, INC., etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The Court denies with prejudice Plaintiff's motion for a Finding of Relatedness [45-1]. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | MAY 0 5 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 83 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

**MAY 0 5 2003**

LAWRENCE E. JAFFE PENSION PLAN, )
On Behalf of Itself and All Others )
Similarly Situated, )
)
    Plaintiff, )
)
v. )    Judge Ronald A. Guzmán
)
HOUSEHOLD INTERNATIONAL, INC., )    02 C 5893
ARTHUR ANDERSEN, LLP, )
W.F. ALDINGER, and D.A. SCHOENHOLZ, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Lawrence E. Jaffe Pension Plan's ("Jaffe") Motion for a Finding of Relatedness pursuant to Local Rule ("LR") 40.4 between *Williamson v. Aldinger*, case no. 03 C 331, related to a case pending before this Court, *Jaffe v. Household International Inc.*, case no. 02 C 5893. For the following reasons, the Court denies the motion with prejudice.

## BACKGROUND

Presently pending before another judge of this Court is *Williamson v. Aldinger*. In that case, plaintiff Leland Williamson, has sued defendants derivatively on behalf of Household International, Inc. and alleges that defendant members of the board of directors of Household International and several of its top officers violated the Sarbanes-Oxley Act, breached their fiduciary duties of loyalty and due care, wasted corporate assets, abused their control, and were unjustly enriched by their improper actions. (Pl.'s Mot. Finding Relatedness at Ex. A, ¶ 1 (hereinafter "Pl.'s Mot.").) Presently pending before this Court is *Jaffe v. Household*

*International, Inc.* Jaffe alleges in a shareholder class action that defendant Household International materially misrepresented critical information and filed false and misleading statements in violation of Rule 10b-5 of the Security Exchange Act, 17 C.F.R. § 240.10b-5. (Pl.'s Mot. at Ex. A, ¶¶ 1-5.)

## DISCUSSION

In order to reassign a case under LR 40.4, the movant must satisfy the requirements of both LR 40.4(a) and LR 40.4(b). First, under LR 40.4(a), "[t]wo or more cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are of the same."

Here, the movant satisfies the third criterion that the cases involve *some* of the same issues of fact or law. Both the shareholder class action in *Jaffe* and the derivative suit in *Williamson* are based on allegations that Household International misrepresented financial information to the public and to its shareholders by overstating its profits, and misled the public and its shareholders by failing to disclose critical information regarding its general accounting practices. Specifically, Count 1 of *Jaffe* alleges that defendant Household International and its Chief Executive Officer ("CEO") and Chief Operating Officer ("COO") violated Section 10b-5 of the Securities and Exchange Act by releasing materially false and misleading statements, reports, and press releases. Similarly, in *Williamson*, to establish violations of the Sarbanes-Oxley Act and common law, plaintiffs rely in part on the conduct of the CEO, COO, as well as fourteen other directors in relation to the alleged materially false and misleading statements by

2

the board of Household International. To resolve at least some of the issues in both cases, a court must make a factual determination as to the conduct relating to the representations made by the CEO and COO of Household International. Therefore, the cases involve at least some common issues of fact, satisfying Rule 40.4(a)(2).

Second, LR 40.4(b) requires that each of the following four criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

Here, the first and third conditions are satisfied. Both cases are pending before the United States District Court for the Northern District of Illinois, and the *Jaffe* case has not progressed to the point where designating the *Williamson* case as related would be likely to delay substantially the proceedings in the *Jaffe* case.

Defendant Arthur Anderson argues that the second condition has not been met because reassignment would not result in a substantial saving of judicial time and effort. (Opp'n Pl.'s Mot., at 2.) The Court agrees. Specifically, the Court finds that the causes of action in *Jaffe* and *Williamson* are fundamentally distinct. While *Jaffe* is a class action that alleges Household, Arthur Andersen, W.F. Aldinger and D.A. Schoenholz violated the Securities and Exchange Act by making false and misleading statements, *Williamson* is a derivative suit alleging a violation of the Sarbanes-Oxley Act, breach of fiduciary duty, and other violations of common law. (*Id.*)

Although the Court acknowledges that there would be some degree of savings of judicial

3

time and effort, the Court finds that such savings would not be substantial. In this case, there are some common issues of fact related to the conduct of two of the individual defendants, W.F. Aldinger and D.A. Schoenholz. In *Jaffe*, Aldinger as CEO and Schoenholz as COO are the only individual defendants, and they are sued based on the theory of control person liability for issuing materially false and misleading statements, reports and press releases to the public which overstated its net income by $386 million beginning in 1994 and misled investors regarding its credit card services. In *Williamson*, Aldinger and Schoenholz are two of sixteen individual defendants, and they are sued for causing, approving, or authorizing: (1) the sale of Household to HSBC Holdings, PLC for 2.675 HSBC ordinary shares or 0.535 HSBC American Depository Shares for each share of Household common stock; (2) the insulation of the board of directors from liability in exchange for indemnity from HSBC for their past deeds; (3) improper actions which resulted in the $484 million fine to settle the claims related to Household's non-prime consumer lending business; (4) improper accounting treatment of payments related to credit card services; (5) manipulation of reported results due to re-aging delinquent accounts; and (6) improper accounting and financial reporting of earned future employee benefits as income instead of a pension expense resulting in overstating net income by $386 million. Thus there is some overlap regarding issues of fact as to Aldinger and Schoenholz's conduct relating to (4)-(6), but not (1)-(3). Further, the facts required to prove the elements of the Security Exchange Act violation as they relate to Aldinger and Schoenholz conduct in the *Jaffe* case are clearly substantially different than the facts needed to hold Aldinger and Schoenholz liable on the various legal theories forwarded in the *Williamson* case. Accordingly, the Court finds that its handling of both cases would not be likely to result in a substantial saving of judicial time and

effort.

Next, the Court finds that the fourth condition, LR 40.4(b)(4), which requires the movant to demonstrate that a reassignment would be susceptible to disposition in a single proceeding has not been satisfied. Judges of this Court have ruled that a movant satisfies this condition if issues of *both* law and fact are the same in the related cases. *See Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (holding that LR 40.4(b)(4) was satisfied where a determination of the key, common legal and factual issues would be outcome determinative to all of the cases); *Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (holding that LR 40.4(b)(4) was satisfied where a case before another court was the equivalent of a cross-claim before that court); *Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000) (holding that LR 40.4(b)(4) was satisfied where there were common issues of law and fact in two employment discrimination cases). Here, there are not common issues of both law and fact. As defendant Arthur Anderson points out, the underlying causes of action in *Jaffe* and *Williamson* are fundamentally distinct, (Opp'n Pl.'s Mot., at 2), making it extremely unlikely that the Court could dispose of both cases in a single proceeding. Any motions for summary judgment would be unique to each particular case. *See Clark v. Ins. Car Rentals Inc.*, 42 F. Supp. 2d 846, 849 (N.D. Ill. 1999). Additionally, while both cases involve at least some common issues of fact, these commonalities are not so great as to outweigh the dissimilarities. In particular, the *Williamson* case involves many issues of fact that are not at issue in *Jaffe*. For example, the *Williamson* plaintiffs allege that defendants wasted corporate assets and were unjustly enriched by taking huge bonuses in the face of financial instability. (Pl.'s Mot., Ex. B ¶¶ 132-34.) That is not an issue in the *Jaffe* case. Further, the *Williamson* plaintiffs allege that the

5

defendants breached their fiduciary duties by entering into an agreement with HSBC which insulates defendants from any liability. (*Id.* ¶ 11.) This is also not an issue in *Jaffe*.

Moreover, even if the movant could satisfy LR 40.4(b)(4) on the merits, under LR 40.4(c), a motion to reassign must explicitly indicate how conditions required by section (b) will be met if the cases are found to be related. The judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met. Here, the movant has failed to comply with LR 40.4(c) because the movant has failed to articulate why the cases are susceptible of disposition in a single proceeding. Although the common facts in this case may indirectly implicate LR 40.4(b)(4), nothing in the four corners of the motion argues that the cases are susceptible of disposition in a single proceeding. The plaintiff alleges that there is substantial overlap of issues and parties, but does not argue that a reassignment would satisfy Rule 40.4(b)(4). In *Davis v. Quebecor World*, No. 01 C 8014, 2002 WL 27660, at *3 (N.D. Ill. Jan. 10, 2002), another judge of this Court denied the motion to reassign because the movant failed to address whether the cases could be disposed of in a single proceeding and whether a reassignment would result in savings of judicial time and effort. Similarly, in *Daniels v. Pipefitters' Ass'n Local Union No. 597*, 174 F.R.D. 408, 411 (N.D. Ill. 1997), another judge of this Court denied a motion to reassign because the movant failed to specifically explain how the conditions for reassignment were met, but rather made the general conclusory assertion that the conditions were met. This Court will not stray from the holdings of those courts so as to lower the bar for pleading under LR 40.4(c), which requires a movant to explicitly articulate reasons that satisfy each of the four LR 40.4(b) conditions. The movant in this case has failed to

6

demonstrate how this Court could resolve the two cases in a single proceeding.

## CONCLUSION

For the foregoing reasons, the Court denies with prejudice plaintiff's Motion for a Finding of Relatedness [doc. no. 45-1].

**SO ORDERED.**  ENTERED: 5/2/03

_____
HON. RONALD A. GUZMAN
United States Judge