# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5893 | **DATE** | 9/20/2004 |
| **CASE TITLE** | Lawrence Jaffe vs. Household International | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]
For the reasons explained in the attached order, the court denies *Defendants' Motion to Compel Lead Plaintiffs to Comply with their Initial Disclosure Obligations under Federal Rule of Civil Procedure 26(a)(1)*[170-1] in part and grants the motion solely to the extent that the court previously ordered plaintiffs to submit a written explanation of their damages theory. *Lead Plaintiffs' Motion to Strike the Response of Defendants to Lead Plaintiffs' Submission Pursuant to the Court's Order of August 30, 2004* is denied as moot.

(11) X  [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 15 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 21 2004 date docketed | |
| | Notified counsel by telephone. | | | 180 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP 21 AM 7:27 | 9/20/2004 date mailed notice | |
| hmb | courtroom deputy's initials | Date/time received in central Clerk's Office | hmb mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 2 1 2004

LAWRENCE E. JAFFE PENSION PLAN, )
on behalf of itself and all others )  Lead Case No. 02 C 5893
similarly situated, ) (Consolidated)
 )
         Plaintiff, )
 )
vs. ) Judge Ronald A. Guzman
 ) Magistrate Judge Nan R. Nolan
HOUSEHOLD INTERNATIONAL, INC, )
et al., )
 )
         Defendants. )

## MEMORANDUM OPINION AND ORDER

In this proposed class action, plaintiffs, who purchased or otherwise acquired defendant Household International, Inc.'s ("Household") equity and debt securities, allege that defendants made materially false representations and omissions concerning Household, its operations and its financial condition, and in doing so violated Section 10(b) of the Securities Act of 1934 and Section 11 of the Securities Act of 1933. This matter is before the court for ruling on *Defendants' Motion to Compel Lead Plaintiffs to Comply with their Initial Disclosure Obligations under Federal Rule of Civil Procedure 26(a)(1)* ("motion to compel"). For the reasons explained below, the court grants the motion to compel in part and denies it in part.

In their motion, defendants ask the court to compel plaintiffs to provide the amount of their claimed damages, a computation on which their damages claims are based, and all evidence on which their damages claim is based. (Mot. at 4.) Plaintiffs oppose the motion, arguing that defendants' motion is premature because (i) damages in securities fraud cases is a matter for

180

expert analysis and opinion, so plaintiffs' damages need not be disclosed until the expert phase of discovery, and (ii) any computation of damages plaintiffs currently have is the work product of non-testifying experts that is protected from disclosure. At the hearing on August 30, 2004, the court ruled that at this stage in the litigation, defendants were not entitled to the breadth of damages information they were seeking. The court's ruling was based partially on the fact that damages in securities fraud cases are generally an issue addressed by experts. The ruling was also based on the fact that discovery in this matter is bifurcated, with class discovery preceding merits discovery. The court, however, also ruled that defendants were entitled to some information relating to the class certification issue. Specifically, the court agreed that defendants were entitled to plaintiffs' underlying theory of damage liability. (Tr. of 8.30.04 hearing at 17:13-21.) Accordingly, the court directed plaintiffs to submit a brief explaining their damages theory, and gave defendants the opportunity to file a written response to plaintiffs' submission to identify whatever other information defendants thought they needed for the class certification issue.

In plaintiffs' submission, they explained that their measure of damages for their Section 10(b) claim is the same as the standard measure of damages for securities fraud, namely "the difference between the price of the stock and its value on the date of the transaction if the full truth were known." *Assoc. Randall Bank v. Griffin, Kubik, Stephens & Thompson, Inc.*, 3 F. 3d 208, 214 (7th Cir. 1993). Moreover, the value of the stock if the full truth were known, or the fair value of the stock, is the subject of expert analysis. "The determination of damages sustained by individual class members in securities class action suits is often a mechanical task involving the administration of a formula determined on a common basis for the class[.]" *Newberg on Class*

*Actions* § 10.8 (4th Ed. 2002) (explaining that "these necessary mechanics do not bar certification"). As for their Section 11 claim, plaintiffs stated that the measure of damages will be the statutory formula set forth in Section 11(e). In addition to providing a written submission of their general damages theory, plaintiffs have also produced documents that provide information regarding the lead plaintiffs' purchases and sales of Household securities.

Defendants argue that plaintiffs' explanation of their damages theory is insufficient, and that defendants are entitled to know plaintiffs' specific methodology for computing damages. In other words, defendants now seek the damages formula plaintiffs intend to use in this litigation. Specifically, defendants ask the court to "order plaintiffs to disclose their methodology for calculating damages or, in the alternative, [to] preclude plaintiffs from saying anything else with respect to damages in their reply briefs on the motion for class certification." (Defs.' Resp. to Pls.'s Submission at 2.) Defendants' position is overreaching. It is unreasonable for defendants to expect the exact damages formula from initial disclosures in a securities fraud action where expert analysis is undoubtedly necessary. A primary purpose of Rule 26(a)(1) "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." *Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, No. IP02-071CTK, 2003 WL 23142182, at * 1 (S.D. Ind. Jan. 13, 2003) (citation omitted). Defendants have received the basic information—they know plaintiffs' general theory of damages (and likely should have known the theory without a written submission) and have documents demonstrating plaintiffs' purchases and sales of the Household securities. To the extent plaintiffs have preliminary damages calculations, those are the calculations of non-testifying experts, and thus need not be disclosed

3

under Rule 26(b)(4) of the Federal Rules of Civil Procedure. *See id.* at *2-3.

Defendants' arguments to the contrary, and the cases they rely upon, do not persuade the court otherwise.[1] For example, although defendants seem to concede (at least for purposes of this motion) that determination of damages can be a mechanical task if there is a "formula determined on a common basis for the class," defendants point out that plaintiffs have not yet provided a formula. Relying on *Newton v. Merrill Lynch*, 259 F.3d 154, 187-190 (3d Cir. 2001) and *Wilcox Dev. Co. v. First Interstate Bank of Oregon*, 97 F.R.D. 440, 447 (D. Oregon 1983), defendants argue that without proof that such a formula exists, class certification is improper. Neither *Newton* nor *Wilcox*, however, held that a class cannot be certified if plaintiffs have not disclosed a damages formula.

In *Newton*, plaintiffs alleged that their broker-dealers failed to execute trades under "the most favorable terms reasonably available" by failing to investigate whether there were better prices than those offered on the central National Best Bid and Offer ("NBBO") system. *Newton*, 259 F.3d at 162. The issue that prevented class certification was not related to calculation of damages. Rather, the Third Circuit affirmed the district court's decision to deny class

---

[1] Defendants argue that plaintiffs' reliance on the allegations in their Complaint in outlining their theory of damages and in their opening brief on class certification was improper. In ruling on the motion for class certification, the court need not accept the allegations in the complaint as true and may find it necessary to make a *preliminary* inquiry into the merits. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001); *Rahim v. Sheahan*, No. 99 0395, 2001 WL 1263493, at *10 (N.D. Ill. Oct. 19, 2001) (preliminary inquiry under *Szabo* does not evaluate "the substantive strength or weakness of plaintiffs' claims but rather the merits of those allegations that bear on the suitability of the case for class treatment"). The implication of *Szabo*, as relevant here, is that defendants need not accept plaintiffs' allegations as true in opposing class certification. It does not render plaintiffs' reliance on those allegations necessarily improper. Moreover, defendants' argument on this issue strikes the court as more relevant to the briefing on the motion for class certification than to the pending motion to compel.

4

certification because it was not clear whether each of the plaintiffs actually suffered economic injury. *Id.* at 190. The issue in *Newton* was not "the calculation of damages but whether or not class members have any claims at all." *Id.* at 189. The court explained that in securities fraud cases involving excessive price markups or fraud-on-the-market, "injury necessarily flow[s] from defendant's conduct and reliance and injury [can] be presumed. In those cases, if defendant's conduct was held fraudulent, a claim of loss necessarily followed." *Id.* at 190. In contrast, economic loss could not be presumed for the *Newton* plaintiffs because the defendants' "execution of plaintiffs' trades at the NBBO listed price did not necessarily injure each class member." *Id.* at 180. (In other words, for some trades, the NBBO price may have been the best price.) As a result, the court found that "ascertaining which class members have sustained injury mean[t] individual issues predominate over common ones." *Id.* at 190. Proof of damage is a different issue than the "mere calculation of damages." *Id.* at 188. "While obstacles to calculating damages may not preclude class certification, the putative class must first demonstrate economic loss on a common basis." *Id.* at 189. Defendants here have not challenged plaintiffs' ability to establish a common economic loss; defendants focus solely on calculation of damages. Given that the facts in *Newton* differ from those in a typical securities action,[2] *id.* at 173, the court finds defendants' reliance on that decision misplaced.

Plaintiff's reliance on *Wilcox* is similarly unpersuasive. In *Wilcox*, a case involving

---

[2] In *Newton*, the Third Circuit expressly noted that "[i]t is important to recognize that the facts of this case do not resonate with those typical of securities violations under Rule 10b-5. Customarily those claims involve a fraudulent material misrepresentation or omission that affects a security's value." *Newton*, 259 F.3d at 173. Unlike the *Newton* plaintiffs who raised an atypical securities fraud claim, the plaintiffs' claims in the case at bar are typical of other securities violations claims.

5

claims under RICO and the Sherman Act, the court found that individual issues of class membership, injury in fact, and damages predominated, making class certification inappropriate. *Wilcox*, 97 F.R.D. at 447. Specifically, the court found it unlikely that plaintiffs would ever be able to develop a damages formula that would permit mechanical calculation of damages. *Id.* Here, on the other hand, defendants have offered the court no reason to be concerned about plaintiffs' ability to develop a damages formula. Moreover, in *Wilcox*, as in *Newton*, there was no presumption of economic injury available for the plaintiffs, so proof of injury had to be established on an individual basis. *Id.* Conversely, in many securities fraud cases, there is a presumption of economic injury. *Newton*, 259 F.3d at 179-180.

As for defendants' request to bar plaintiffs "from saying anything else with respect to damages in their reply briefs," (Defs.' Resp. at 2), the court declines to issue such a broad order. In opposing class certification, if defendants argue that individual damages issues dominate or create manageability problems, for example, plaintiffs have a right to respond. Defendants' real concern seems to be that plaintiffs will respond with a common formula or methodology that they are currently withholding. That strikes the court as unlikely, but the court will address the situation if and when it happens.[3]

## Conclusion

For the reasons explained above, the court denies defendants' motion to compel in part and grants the motion solely to the extent that the court previously ordered plaintiffs to submit a

---

[3]Additionally, assuming the class is certified, when it is time for plaintiffs to reveal their damages formula/methodology, if defendants believe individual damages issues predominate based on the disclosed methodology, defendants can move to decertify the class.

written explanation of their damages theory.[4]

ENTERED:

*signature: Nan R. Nolan*

NAN R. NOLAN

United States Magistrate Judge

Dated: September 20, 2004

---

[4]*Lead Plaintiffs' Motion to Strike the Response of Defendants to Lead Plaintiffs' Submission Pursuant to the Court's Order of August 30, 2004* is denied as moot.

7