IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 20 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HOUSEHOLD INTERNATIONAL, INC., et al. <br><br> Defendants. | Lead Case No. 02-C-5893 <br> (Consolidated) <br><br> CLASS ACTION <br><br> Judge Ronald A. Guzman <br> Magistrate Judge Nan R. Nolan |

## NOTICE OF FILING

PLEASE TAKE NOTICE that, on September 20, 2005, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, a Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel Responses to First Set of Interrogatories from Household Defendants and Affidavit of Joshua M. Newville in Support of the Household Defendants' Opposition to Lead Plaintiffs' Motion to Compel Responses to First Set of Interrogatories from Household Defendants, copies of which are attached hereto.

Respectfully submitted,

By: _____
Nathan P. Eimer
Adam B. Deutsch
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
(312) 660-7600

*Attorneys for Household International, Inc., Household Finance Corporation, William F. Aldinger, David A. Schoenholz, Gary Gilmer, and J.A. Vozar*

**FILED**

**UNITED STATES DISTRICT COURT** KC

SEP 2 0 2005

**NORTHERN DISTRICT OF ILLINOIS**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**EASTERN DIVISION**

---

LAWRENCE E. JAFFE PENSION PLAN, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

- against -

HOUSEHOLD INTERNATIONAL, INC., ET AL.,

    Defendants.

Lead Case No. 02-C-5893
(Consolidated)

CLASS ACTION

Judge Ronald A. Guzman
Magistrate Judge Nan R. Nolan

---

**MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFFS' MOTION TO COMPEL RESPONSES TO FIRST SET OF INTERROGATORIES FROM HOUSEHOLD DEFENDANTS**

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Ave.
Suite 1100
Chicago, Illinois 60604
(312) 660-7600

*Attorneys for Defendants Household International, Inc., Household Finance Corporation, William F. Aldinger, David A. Schoenholz, Gary Gilmer and J.A. Vozar*

# *TABLE OF CONTENTS*

INTRODUCTION ............................................................................................................................1

ARGUMENT ..................................................................................................................................4

A. Plaintiffs Bear the Burden of Justifying the Early Use of Contention Interrogatories ...............................................................................................................5

B. Plaintiffs Interrogatories Are Improper Because They Are Grossly Overbroad ..................................................................................................................6

C. Plaintiffs Have Failed to Show That Answers to Contention Interrogatories Would Result In a Significant Savings or Re-shaping of Issues ...............................................................................................................7

D. Defendants' Reliance on Rule 33(d) is Proper ..................................................................11

CONCLUSION ..............................................................................................................................13

## *TABLE OF AUTHORITIES*

**Cases** | **Page**

*Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625953 (D. Kan. Oct. 5, 1995) .................. 11

*Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D.N.C. 1998) .................. 5, 10

*City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) .................. 5

*Conopco v. Warner-Lambert Co.*, No. Civ.A. 99-101(KSH), 2000 WL 342872 (D.N.J. Jan. 26, 2000) .................. 5

*In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985) .................. 5-8, 10-11

*Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir.), cert den'd, 429 U.S. 886 (1976) .................. 11

*Derson Group, Ltd. v. Right Management Consultants, Inc.*, 119 F.R.D. 396 (N.D. Ill. 1988) .................. 11

*In re Domestic Air Transportation Antitrust Litigation*, No. 1:90-CV-2485-MHS, 1992 WL 120351 (N.D. Ga. Apr. 8, 1992) .................. 5

*EEOC v. Sedita*, No. 87-C-2790, 1988 WL 23794 (N.D. Ill. Mar. 4, 1988) .................. 10-11

*Everett v. US Air Group, Inc.*, 165 F.R.D. 1 (D.D.C. 1995) .................. 5, 9-10

*Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992) .................. 5-6

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101 (D.N.J. 1990) .................. 5, 9-10

*Trustmark Insurance Co., v. Schuchman*, No. 99-1081 C T/K, 2003 WL 21277200 (S.D. Ind. June 2, 2003) .................. 5, 5n

*Vosen v. Warren*, No. 04-C-064-C, 2004 WL 1946396 (W.D. Wis. Aug. 31, 2004) .................. 9

*Williams v. Board of County Commissioners*, No. 98-2485-JTM, 2000 WL 823909 (D. Kan. June 21, 2000) .................. 11

*Ziemack v. Centel Corp.*, No. 92 C 3551, 1995 WL 729295 (N.D. Ill. Dec. 7, 1995) .................. 5, 5n, 9-11

|  | Page |
|---|---|

**Rules**

Fed. R. Civ. P.

| | |
|---|---|
| 11 | 7 |
| 30(b)(6) | 4 |
| 33(a) | 2n |
| 33(d) | 2, 11 |
| 56 | 7 |

This memorandum is respectfully submitted on behalf of Defendants Household International, Inc., Household Finance Corp., William F. Aldinger, David A. Schoenholz, Gary Gilmer and J.A. Vozar (collectively, "Household" or "Defendants") in opposition to Lead Plaintiffs' Motion to Compel Responses to First Set of Interrogatories From Household Defendants.

## INTRODUCTION

This motion is a transparent effort by Plaintiffs' counsel to make it appear that they are proceeding expeditiously to complete discovery when in fact all Plaintiffs are doing is burdening the Court and harassing Defendants in a manner which the Court should find offensive. It is part and parcel of a familiar pattern they have followed which has included the following: (1) serving a blunderbuss first document request, refusing to agree on reasonable limitations and then burdening the Court with unnecessary motions and silly demands that Defendants "certify" completion of document discovery; (2) serving a largely duplicative second document request while still refusing to agree with Defendants about the reasonable scope of the first request (e.g., emails); (3) serving deposition notices for specific dates without attempting to confer with Defendants regarding mutually convenient dates, requiring Defendants and the witnesses to adjust their schedules for availability on the dates noticed, only later advising Defendants that Plaintiffs would not be available on the dates that Plaintiffs noticed (*See* Affidavit of Joshua M. Newville dated September 20, 2005 ("Newville Aff.") (submitted herewith), Ex. A); and (4) refusing Defendants' offer to allow Plaintiffs to provide Plaintiffs' own list of "priority" names of custodians/employees to search for production of emails. (Newville Aff., Ex. B).

The current dispute involves Plaintiffs' premature "contention" interrogatories seeking immediate discovery of "all facts" relating to all affirmative defenses asserted in Defendants' pleadings. It is a huge waste of time and money to require responses to contention interrogatories before taking any substantive depositions. Despite being informed by Defendants on numerous occasions that these overbroad contention interrogatories are improper, especially at this stage of discovery, Plaintiffs continue to demand responses to their abusive and premature interrogatories.

On July 16, 2004, before fact discovery had begun, Plaintiffs served Defendants with Plaintiffs' First Set of Interrogatories, seeking "all facts" supporting each of Defendants' twenty-two affirmative defenses, lists of "all persons" having knowledge of such facts, and lists of "all documents" that support each affirmative defense. (*See* Declaration of Luke O. Brooks, submitted with Plaintiffs' Motion ("Brooks Decl."), Ex. A). Defendants originally responded to these interrogatories on August 16, 2004, objecting on numerous grounds, including, *inter alia*, that the interrogatories are overbroad, unduly burdensome, and that Defendants had not engaged in discovery of Plaintiffs or the purported class. (Brooks Decl., Ex. F).

In multiple letters and meet and confers, Defendants have consistently informed Plaintiffs that it makes more sense to defer any disagreements over contention interrogatories until the end of discovery, and that these particular interrogatories should be deferred because many call for facts that are within the control of Plaintiffs and for which Defendants need discovery. (Brooks Decl., Exs. G, K, M, O). However, in order to avoid unnecessary disputes, Defendants agreed to provide responses to the interrogatories relating to the thirteen affirmative defenses described by Plaintiffs as "those defenses [which] do not require discovery from plaintiffs" while deferring responses for nine affirmative defenses which call for facts that are within the control of Plaintiffs. (Brooks Decl., Exs. C, K). Plaintiffs agreed to defer responses relating to those affirmative defenses which require discovery from Plaintiffs. (Brooks Decl., Exs. H, K).

For affirmative defenses 1-7, 9, 10, 12-14 and 18, Defendants identified by bates number approximately two dozen specific documents contained within the millions of pages produced to Plaintiffs, as explicitly permitted by Federal Rule of Civil Procedure 33(d). (Brooks Decl., Ex. I).[1] The responsive documents listed in the responses are focused on Plaintiffs' allegations and the subject matter relating to each of Defendants' affirmative defenses thereto.

---

[1] Defendants also asserted numerous objections to the interrogatories, including, *inter alia*, that they are overbroad, unduly burdensome, that they are multiple interrogatories containing discreet subparts designed to avoid the 25 interrogatory limit imposed by Fed. R. Civ. P. 33(a), and that they are contention interrogatories that are not appropriate at this early stage of discovery. (Brooks Decl., Ex. I).

Plaintiffs rejected this compromise, stating that they intended to file a motion to compel responses to all interrogatories, including those which require discovery from Plaintiffs. (Brooks Decl., Ex. D). Plaintiffs further asserted that their interrogatories were not "contention" interrogatories. (Brooks Decl., Ex. L).

In a phone conference on July 18, 2005, Defendants agreed to reconsider their position on Plaintiffs' contention interrogatories and re-review the authorities cited by Plaintiffs in past correspondence. (Brooks Decl., Ex. M). On August 4, 2005, Defendants sent Plaintiffs a letter which explained that the interrogatories at issue were contention interrogatories and provided numerous authorities in support of the position that contention interrogatories should be deferred until the end of discovery. (Brooks Decl., Ex. M). Defendants also clarified that the parties were still in the middle of document discovery and that only one fact deposition had taken place, and that any written responses would likely require multiple supplemental answers. Defendants also offered to amend the responses to include additional bates ranges as discovery comes to a close, and to revisit the issue of interrogatories at an appropriate time.

Plaintiffs responded in a letter on August 12, 2005, rejecting this compromise. (Brooks Decl., Ex. N). Offering only vague, conclusory statements justifying early responses to their contention interrogatories, Plaintiffs stated that they intended to seek relief from the Court.

In a letter dated August 23, 2005, Defendants informed Plaintiffs that filing early sets of contention interrogatories which merely track *all* of Defendants' affirmative defenses is a form of discovery abuse. (Brooks Decl., Ex. O). Defendants also urged Plaintiffs to reconsider burdening the Court with this issue.

On August 31, 2005, Plaintiffs called Defendants to inform them that they would file a motion to compel interrogatory responses, and to discuss a briefing schedule. Defendants sent a letter in response on September 1, 2005, which reiterated that contention interrogatories that merely tracked a party's pleadings were improper at this stage and strongly urged Plaintiffs not to burden the Court with this issue. (Newville Aff., Ex. C).

-3-

Although Defendants have produced millions of pages of hard-copy documents, because of Plaintiffs' unreasonable demands regarding search protocol, the production of electronic documents has only recently begun. Only one fact deposition has taken place, and no current employees of Household have been deposed (other than two Rule 30(b)(6) depositions last year). (Newville Aff. ¶ 7). Pursuant to the Court's May 25, 2004 Minute Order, the close of fact discovery is not until January 13, 2006 and the close of expert discovery is not until July 24, 2006. (Newville Aff., Ex. D). That the parties are only in the middle of discovery (and not the end) is demonstrated by Plaintiffs' recent request to extend fact discovery four months to May 2006, take 50 depositions, propound new document requests and propound further sets of interrogatories. (Newville Aff., Ex. E at 2-3).

Notwithstanding that Defendants have consistently offered to update the interrogatory responses at an appropriate time at the end of discovery (Brooks Decl., Exs. K, M, O), and ignoring the authorities raised by Defendants during the meet and confer process, Plaintiffs insist on burdening the Court with this motion to compel responses to their contention interrogatories.

## ARGUMENT

The general policy is to defer contention interrogatories until discovery is near an end, in order to promote efficiency and fairness. Overbroad contention interrogatories are *never* proper, and certainly not at this stage of discovery. Plaintiffs bear the burden of showing that *early* answers to well-tailored contention interrogatories will result in a significant re-shaping of the litigation or a significant savings for one or more parties. Because Plaintiffs have improperly served grossly overbroad contention interrogatories without any valid justification other than conclusory statements, Plaintiffs' motion should be denied.

## A. Plaintiffs Bear the Burden of Justifying the Early Use of Contention Interrogatories

It is well settled that "[t]he general policy is to defer contention interrogatories until discovery is near an end, in order to promote efficiency and fairness[,] ... [because] fairness dictates that parties not be forced to prematurely take a position, which would produce an artificial narrowing of the issues, instead of an informed paring down." *Ziemack v. Centel Corp.*, No. 92 C3551, 1995 WL 729295, at *2 & n.3 (N.D. Ill. Dec. 7, 1995).[2] The burden of justifying early contention interrogatories is on the party seeking answers to such interrogatories. *See, e.g., In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338 (N.D. Cal. 1985); *Trustmark Insurance Co. v. Schuchman*, No. 99-1081 C T/K, 2003 WL 21277200, at *6 (S.D. Ind. June 2, 2003);[3] *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995); *Conopco v. Warner-Lambert Co.*, No. Civ.A. 99-101(KSH), 2000 WL 342872 (D.N.J. Jan. 26, 2000); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95-96 (E.D. Pa. 1992). It is well settled that contention interrogatories are premature until the end of the discovery period. *See, e.g., In re Domestic Air Transportation Antitrust Litigation*, No. 1:90-CV-2485-MHS, 1992 WL 120351, at *1-2 (N.D. Ga. Apr. 8, 1992); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003); *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 489 (W.D.N.C. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990).

---

[2] Plaintiffs cannot seriously dispute that their interrogatories are, in fact, contention interrogatories, notwithstanding their previous attempt to contend otherwise. (Brooks Aff., Ex. L). Interrogatories which "require the answering party to commit to a position and give factual specifics supporting its claims" are contention interrogatories. *Ziemack*, 1995 WL 729295 at *2; *see also Trustmark*, 2003 WL 21277200 at *5; *Convergent Technologies*, 108 F.R.D. at 332. Plaintiffs admit as much by repeatedly demanding Defendants' "contentions" in their brief. Plaintiffs argue that "fairness dictates that defendants flesh out the *contentions* associated with these affirmative defenses;" Plaintiffs state that a search of documents is "unlikely to reveal the *contentions* underlying the affirmative defense or the statements of fact underlying those *contentions*;" and Plaintiffs request for relief asks that Defendants be "required to set forth, in textual form, their *contentions* regarding their affirmative defenses and the factual support for them." (Pl. Br. at 5, 8, 9 (emphasis added)).

[3] An appendix of unpublished decisions, other than those previously provided to the Court as appendices to Plaintiffs' Brief, is submitted herewith.

Plaintiffs' claim that this case is at the end of discovery is simply not true. More than three months remains until the end of fact discovery, and Plaintiffs have recently disclosed that they would like an extension of fact discovery until May 2006. (Newville Aff., Ex. E at 3). Only three depositions have been taken to date, and Plaintiffs recently informed Defendants that they want to take 50 depositions in this case, serve additional document requests and propound additional interrogatories. (*Id.* at 2-3). Document discovery is still underway, with the scope of Plaintiffs' second demand still unsettled and with Plaintiffs recently informing that more document demands are on the way. (*Id.* at 2). Based on Plaintiffs' proposed revised discovery plan (which Defendants submit is, in any event, ridiculous), we have not reached the middle of discovery, much less the end.

### B. Plaintiffs Interrogatories Are Improper Because They Are Grossly Overbroad

In order to justify the early use of contention interrogatories, Plaintiffs must first show that they have hand-crafted a limited set of well-tailored interrogatories. *See Convergent Technologies,* 108 F.R.D. at 338; *see also Fischer & Porter Co.,* 143 F.R.D. at 96. Plaintiffs' contention interrogatories, which ask for "all facts" supporting each of the Household Defendants' twenty-two affirmative defenses, are overbroad to the point of abuse. The goal of these interrogatories can only be sheer harassment. This blunderbuss approach to interrogatories is prohibited by *Convergent Technologies,* which states that "a party who wants *early* answers to contention interrogatories must handcraft a limited set of questions." *Convergent Technologies,* 108 F.R.D. at 338. The court "will look with considerable skepticism at sets of contention interrogatories, filed early in the pretrial period, that simply track all the allegations in an opponent's pleading" because "there is substantial reason to believe that the *early* knee jerk filing" of these sets of interrogatories "is a serious form of discovery abuse." *Id.* at 337-38; *see also Fischer & Porter Co.,* 143 F.R.D. at 96.

Plaintiffs' contention interrogatories, which track all of the Household Defendants' affirmative defenses and ask for "all facts," "all persons who have knowledge" and "all documents"

-6-

supporting those defenses, do not pass the threshold *Convergent Technologies* test.[4] In short, Plaintiffs have demanded a detailed outline of Defendants' entire case, listing all facts, witnesses and documents supporting each affirmative defense, and they have demanded it *before any fact depositions of Defendants' witnesses have taken place.*[5] Plaintiffs grossly overbroad interrogatories are improper.

### C. Plaintiffs Have Failed to Show That Answers to Contention Interrogatories Would Result In a Significant Savings or Re-shaping of Issues

Even if Plaintiffs had served well-tailored contention interrogatories, they would still have to show that answers at this stage will result in a significant re-shaping of the issues or a significant savings. The court in *Convergent Technologies* set forth a number of factors relevant to Plaintiffs' burden. In order to meet its burden, Plaintiffs

> must be able to show that there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.

*Convergent Technologies*, 108 F.R.D. at 338-39. In addition, the party seeking early answers "cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered. Rather, the propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *Id.* at 339. In other words, the party seeking interrogatory answers must show "that there is a real likelihood that *early* answers . . . will result in a significant re-shaping of the litigation or a significant savings . . . ." *Id.* at 348.

---

[4] Since Plaintiffs themselves rely on *Convergent Technologies* in their brief (Pl. Br. at 6), Plaintiffs' abusive demand for responses to their overbroad contention interrogatories in contravention of *Convergent Technologies* is inexcusable.

[5] Defendants have no doubt that Plaintiffs would object if Defendants served a set of interrogatories demanding "all facts" "all persons who have knowledge" and "all documents" that support all of Plaintiffs' claims.

Plaintiffs' vague and speculative statements do not meet the burden set forth in *Convergent Technologies*. In essence, Plaintiffs simply state in a conclusory manner that this lawsuit is a "complex case" and that Defendants' affirmative defenses involve "subtlety." (Pl. Br. at 6). However, Plaintiffs' statements apply to virtually any case alleging securities fraud or any complex commercial litigation. Where a party does not show "by carefully developing the applicable law, and by applying that law to the facts as alleged . . . or as supported in competent declarations or documentary evidence" that answers to well-tailored questions will significantly re-shape the litigation or result in a significant savings, that party fails to show it is entitled to early contention interrogatory answers. *Convergent Technologies*, 108 F.R.D. at 348. Conclusory statements are not enough.

Plaintiffs' interrogatories requesting "all facts" supporting each affirmative defense are not meant to specifically narrow particular issues in the case. They appear to be an attempt to compel Defendants to prepare a detailed outline of the entire case — in effect, demanding that Defendants do Plaintiffs' work for them. Many of the affirmative defenses are directly related to affirmative elements of Plaintiffs' case-in-chief. For example, the Third Affirmative Defense (that Defendants had reasonable grounds to believe that their public statements were accurate when made) relates directly to an element of Plaintiffs' securities fraud claim: scienter. Answering this interrogatory would require Defendants to marshal every fact that might be relevant to this element of *Plaintiffs'* case. This would include every fact known to Defendants which relates to any public statement regarding issues in the complaint. The interrogatories as drafted would also require Defendants to identify every person who arguably has any information regarding scienter and identify every document which arguably relates to scienter, no matter how small or insignificant. Household has thousands of employees, and there are millions of pages of documents that have already been produced that are relevant to the issues in the case. Virtually every document from Household's production relevant to the issues in the case would also be relevant to the scope of Defendants' knowledge, or scienter. Furthermore, every time facts, witnesses or documents are uncovered during discovery that are relevant to the element of scienter, then updated interrogatory responses would be warranted. Identification of "all facts," "all persons" and "all documents" may be impossible to achieve, is unnecessary and unreasonable, and is highly unlikely to narrow the issues involved in the case.

It is inappropriate at this stage to force the Household Defendants to prematurely commit to positions and explain facts relating to all affirmative defenses. The plaintiffs in *Ziemack* objected to a contention interrogatory which tracked various allegations of false and misleading statements in the plaintiffs' pleadings, and asked them to "provide the complete factual basis for your allegation that the statement is false and misleading." 1995 WL 729295 at *2 n.4. The *Ziemack* court considered as part of its criteria "whether those early answers are likely to require multiple supplemental answers or prematurely commit Plaintiffs to positions and artificially narrow the issues." *Id.* at *2. Even though "a significant amount of discovery" had already taken place, the court held that an interrogatory asking for "the complete factual basis for your allegation" was premature. *Id.* at *2 n.4. Similarly, answers to Plaintiffs overbroad contention interrogatories at this stage would require the Household Defendants to either prematurely commit to positions or to provide broad responses with multiple supplemental answers — or both. Broad answers to Plaintiffs' overbroad interrogatories will not help narrow the issues.

Although Plaintiffs argue that Defendants already have access to much of the information needed to respond to some of the interrogatories, the relative access to information is not the *only* factor to which courts refer. In *Vosen v. Warren*, No. 04-C-064-C, 2004 WL 1946396 (W.D. Wis. Aug. 31, 2004), a defendant filed a motion to compel responses to its contention interrogatories served on the plaintiffs, asserting that he needed answers in order to prepare for the plaintiffs' depositions. *Id.* at *1. The court denied the defendant's motion to compel, stating that "[a]lthough plaintiffs likely possess most of the information they would need to answer completely [defendant's] contention interrogatories, it is too early in the case to lock parties tightly into theories that might change a bit with the discovery of additional facts." *Id.* at *2.

Plaintiffs have previously attempted to argue that cases involving contention interrogatories served on a defendant are different from contention interrogatories served on a plaintiff, in that plaintiffs do not have access to the necessary information. (Brooks Decl., Ex. N). However, contention interrogatories have been held premature not only when served by defendants regarding plaintiffs' claims, but also when served by plaintiffs regarding information within defendants' knowledge. *See Everett*, 165 F.R.D. at 3; *Nestle Foods*, 135 F.R.D. at 110-11. In *Everett*, the plaintiffs

served interrogatories seeking the "full factual bases" of the defendants' affirmative defenses. 165 F.R.D. at 3. The court held that these were "contention interrogatories and plaintiffs have not explained why responses are necessary at this early stage of discovery." *Id.* (citing *Convergent Technologies*, 108 F.R.D. at 338). The court also prevented the plaintiffs even from filing more specific interrogatories unless they could "support the need for responses at this stage in their case." *Id.*

In *Nestle Foods*, the defendants objected to the plaintiff's contention interrogatories which sought to determine various coverage defenses that would be asserted by defendants in the action. The court agreed with the defendants, stating that "judicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted." *Id.* at 111. Similarly, the defendant in *Capacchione*, 182 F.R.D. at 489, objected to the plaintiff's contention interrogatories relating to information within the defendant's possession. *Capacchione* held that answers to these contention interrogatories were not warranted until after expert witness reports were due. *Id.* at 489-90.

Plaintiffs previously agreed not to require answers to particular interrogatories, apparently recognizing that many of the affirmative defenses in this case are almost entirely dependent on discovery that must be obtained from Named Plaintiffs or the Class. (Brooks Decl., Ex. H). Furthermore, most of the affirmative defenses require some discovery from Plaintiffs before a full response may be given. For example, the Seventh Affirmative Defense alleges that members of the Plaintiff Class had actual or constructive knowledge of facts alleged in the Amended Complaint at the time they purchased Household securities. No complete response can be provided regarding this interrogatory without discovery from Plaintiffs, and any response would likely require multiple supplemental answers. Requiring responses to interrogatories relating to these affirmative defenses would run directly counter to the "twin purposes of efficiency and fairness." *See Ziemack*, 1995 WL 729295 at *2.

Plaintiffs cite *E.E.O.C. v. Sedita*, No. 87-C-2790, 1988 WL 23794 (N.D. Ill., Mar. 4, 1988), in which the defendants were required to respond to interrogatories which asked for facts upon which their affirmative defenses were based. Defendants submit that the reasoning in *Convergent*

-10-

and *Ziemack* is more persuasive than that in the *Sedita* case, which has never been cited as authority in any reported or unreported decisions, according to both Keycite and Shepard's searches. In any event, *Sedita* did not require the defendants "to write a lengthy memorandum," but merely to "just state the facts and the legal theory." *Id.* at *1. Plaintiffs also cite *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625953 (D. Kan. Oct. 5, 1995), which is readily distinguishable because the court overruled the defendant's objection to premature contention interrogatories because defendant's objection was untimely. *Id.* at *2. Furthermore, discovery in that case was at a very late stage, in that the final pretrial conference and multiple depositions had already taken place. *Id.* at *2, *3-4.

### D. Defendants' Reliance on Rule 33(d) is Proper

Notwithstanding that Plaintiffs' contention interrogatories are overbroad and premature, Defendants have properly availed themselves of Rule 33(d) in responding to date. Defendants have specifically designated bates-numbered documents from the production relating to certain of the affirmative defenses (pursuant to an agreement with Plaintiffs, Defendants agreed to provide answers relating to a limited number of affirmative defenses). (Brooks Decl., Exs. H, K). This approach is expressly authorized by the Federal Rules. *See* Fed. R. Civ. P. 33(d).

Records referred to in a Rule 33(d) response must be "clearly identified." The responding party must provide "sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *Derson Group, Ltd. v. Right Management Consultants, Inc.*, 119 F.R.D. 396, 396 (N.D. Ill. 1988). Defendants identified by bates number approximately two dozen specific documents contained within the millions of pages produced to Plaintiffs. *See Williams v. Board of County Commissioners*, No. 98-2485-JTM 2000 WL 823909 at *8 n.6 (D. Kan. June 21, 2000) (holding that "providing the bates number of a document containing the information requested would permit Plaintiff to locate and identify the documents from which the answer may be ascertained" pursuant to Rule 33(d)). These documents are focused on Plaintiffs' allegations and the subject matter relating to Defendants' affirmative defenses thereto. Furthermore, Defendants have repeatedly offered to amend the responses to include additional bates ranges as discovery comes to a close. There is no reason why Plaintiffs

-11-

are incapable of determining "all facts" from the documents identified. *See Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 225-227 (10th Cir.) (holding that where interrogatory was answered by reference to the appropriate business records, proponents of interrogatories "had burden of proving the answer to their interrogatory was indeed incomplete"), *cert. den'd*, 429 U.S. 886 (1976). That Plaintiffs complain that a search of documents is "unlikely to reveal the *contentions* underlying the affirmative defense or the statements of fact underlying those *contentions*" only emphasizes that the interrogatories are contention interrogatories. (Pl. Br. at 8 (emphasis added)).

## CONCLUSION

Defendants respectfully request that Plaintiffs' motion to compel be denied.

Dated: September 20, 2005
      New York, New York

                           CAHILL GORDON & REINDEL LLP

                           By: _____
                               Thomas J. Kavaler
                               Howard G. Sloane
                               Landis C. Best
                               David R. Owen
                         80 Pine Street
                         New York, New York 10005
                         (212) 701-3000

                              -and-

                         EIMER STAHL KLEVORN & SOLBERG LLP 224 South
                         Michigan Ave.
                         Suite 1100
                         Chicago, Illinois 60604
                         (312) 660-7600

                         *Attorneys for Defendants Household International,*
                         *Inc., Household Finance Corporation, William F.*
                         *Aldinger, David A. Schoenholz, Gary Gilmer and J.A.*
                         *Vozar*

## CERTIFICATE OF SERVICE

Adam B. Deutsch, an attorney, certifies that on September 20, 2005, he served copies of a Memorandum of Law in Opposition to Lead Plaintiffs' Motion to Compel Responses to First Set of Interrogatories from Household Defendants and Affidavit of Joshua M. Newville in Support of the Household Defendants' Opposition to Lead Plaintiffs' Motion to Compel Responses to First Set of Interrogatories from Household Defendants, to the parties listed below via the manner stated.

Adam B. Deutsch

**Via E-Mail and Federal Express**

Marvin A. Miller
Lori A. Fanning
MILLER FAUCHER and CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, Illinois 60602
(312) 782-4880
(312) 782-4485 (fax)

**Via E-Mail and Federal Express**

Patrick J. Coughlin
Azra Z. Mehdi
Luke O. Brooks
LERACH COUGHLIN STOIA
 & ROBBINS LLP
100 Pine Street, Suite 2600
San Francisco, California 94111
(415) 288-4545
(415) 288-4534 (fax)

**Via Federal Express**

Stanley J. Parzen
Susan Charles
MAYER BROWN ROWE & MAW LLP
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 (Fax)