IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, on Behalf of Itself and All Others Similarly Situated, )))) | |
| Plaintiff, )) | |
| v. ))) | 02 C 5893 (Consolidated) |
| HOUSEHOLD INTERNATIONAL, INC., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., GOLDMAN SACHS & CO., INC., ARTHUR ANDERSEN, L.L.P., WILLIAM F. ALDINGER, DAVID A. SCHOENHOLZ, GARY GILMER, J.A. VOZAR, ROBERT J. DARNALL, GARY G. DILLON, JOHN A. EDWARDSON, MARY JOHNSTON EVANS, J. DUDLEY FISHBURN, CYRUS F. FREIDHEIM, LOUIS E. LEVY, GEORGE A. LORCH, JOHN D. NICHOLS, JAMES B. PITBLADO, S. JAY STEWART, and LOUIS W. SULLIVAN, )))))))))))))))))) | Judge Ronald A. Guzmán |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence E. Jaffe Pension Plan, on behalf of itself and all others similarly situated, brought this suit alleging violations of 15 U.S.C. § 78(j)(b) ("§ 10(b)" of the Exchange Act of 1934 ("1934 Act")) and 17 C.F.R. § 240.10b-5 ("Rule 10b-5") against Household, Household Officers, identified as Aldinger, Schoenholz, and Gilmer, and Arthur Andersen ("Andersen")[1] in Count I; violation of 15 U.S.C. § 78(t)(a) ("§ 20(a)" of the 1934 Act) by

---

[1] On January 31, 2006, the Court entered a revised order preliminarily approving settlement of the class claims against Arthur Andersen, L.L.P.

Household, and Household Officers in Count II; violations of 15 U.S.C. §§ 77k, 77l(a)(2), and 77o ("§§ 11, 12(a)(2), and 15" of the Securities Act of 1933 ("1933 Act")) by Household, Household Officers, Household Directors,[2] Andersen, Goldman Sachs & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc. in Count III,[3] and violations of §§ 11, 15 of the 1933 Act by Household, Household Directors and Andersen in Count IV. On December 3, 2004, the Court certified the class solely as to the § 10(b) claims. Glickenhaus & Co. has been named lead plaintiff.

All defendants except Andersen have moved pursuant to Federal Rule Civil Procedure ("Rule") 12(b)(6) and 12(c) to dismiss as time-barred § 10(b) claims that arose prior to July 30, 1999. For the reasons set forth in this Memorandum Opinion and Order, the Court treats defendants' motion as one for judgment on the pleadings and grants the motion.

## FACTS

Because the Court has fully set forth the allegations in a prior opinion in this case, it will not restate the facts in detail here. For a complete factual background, *see Lawrence E. Jaffe Pension Plan*, 2004 WL 574665, at *1-3.

---

[2] The Household Directors are identified as Aldinger, Schoenholz, Robert J. Darnall, Gary G. Dillon, John A. Edwardson, Mary Johnston Evans, J. Dudley Fishburn, Cyrus F. Freidheim, Jr., Louis E. Levy, George A. Lorch, John D. Nichols, James B. Pitblado, S. Jay Stewart, and Louis W. Sullivan. HFC is a wholly owned subsidiary of Household and its directors are identified as Aldinger, Schoenholz, Gilmer, and J.A. Vozar.

[3] Goldman Sachs and Merrill Lynch were terminated as parties when the Court granted a motion to dismiss Count III in a previous Memorandum Opinion and Order. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 WL 574665, at *18 (N.D. Ill. Mar. 22, 2004).

2

## DISCUSSION

Pursuant to Rule 12(b)(6) and 12(c), defendants have moved to dismiss for failure to state a claim the class' § 10(b) claims that arose more than three years prior to the enactment of the Sarbanes-Oxley Act on July 30, 2002 as time-barred. Because a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) must be filed prior to any responsive pleading, which have already been filed in this case, the Court treats the motion as one for judgment on the pleadings. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998); FED. R. CIV. P. 12(b)(6), 12(c). On a motion for judgment on the pleadings, the court accepts "all well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[T]he motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989).

A statute of repose is an affirmative defense that a defendant is required to plead under Rule 8(c). *Stirchak v. Shiley*, No. 96 C 257, 1996 WL 166958, at *1 (N.D. Ill. Apr. 5, 1996). Usually "complaints do not have to anticipate affirmative defenses to survive . . . ." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely . . . ." *Id.* It is important to note that tolling principles – equitable estoppel and equitable tolling – do not apply to the statute of repose for securities fraud claims because its purpose is to set an outer limit that is unaffected by what plaintiff knows. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).

On July 30, 2002, Congress enacted the Sarbanes-Oxley Act, which provides that securities claims involving "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws" may be brought not later than the earlier of two years after the discovery of the facts constituting the violation or five years after the violation. *See* 28 U.S.C. § 1658(b). Further, the Act's limitations period "appl[ies] to all proceedings addressed by this section that are commenced on or after the date of enactment of this Act." *See id.* (comments).

The instant lawsuit was filed on August 19, 2002, *i.e.*, after the enactment of the Sarbanes-Oxley Act. Thus, it would seem, the Sarbanes-Oxley limitations period would apply.

However, all is not that simple. In some cases, applying the Sarbanes-Oxley limitations would resurrect previously time-barred claims, thereby putting defendants at risk of liability where previously they had been out of the woods, so to speak.

In *Foss v. Bear, Stearns Co.*, 394 F.3d 540, 542 (7th Cir. 2005), a post-Sarbanes-Oxley securities fraud action, the Seventh Circuit affirmed the district court's dismissal of the complaint for failure to state a claim and held that the plaintiff's § 10(b) and Rule 10b-5 claim based on a violation that occurred outside of the three-year statute of repose period applicable prior to the enactment of the Sarbanes-Oxley Act[4] was barred because the Act is not retroactive and does not revive expired claims. *Id.* at 541-42. Although plaintiffs rely on *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1289 (11th Cir. 2005), in which the Eleventh Circuit held that the factual record was too undeveloped to determine whether to make a legal determination

---

[4]Prior to the enactment of the Sarbanes-Oxley Act, a plaintiff was required to file a securities fraud claim "within one year after the discovery of the facts constituting the violation and within three years after such violation." *Lampf,* 501 U.S. at 359.

4

as to the retroactivity of Sarbanes-Oxley, this Court is duty-bound to adhere to *Foss*.

Defendants argue that the claim of any member of the class who purchased Household securities prior to July 30, 1999 expired under the three-year statute of repose applicable prior to the Sarbanes-Oxley Act. In other words, defendants assume that the "violation" that triggers the statute of repose is the purchase of Household securities. Plaintiff did not address the issue.

Courts have held that the triggering event for the statute of repose is defendant's misrepresentation or omission in connection with the sale or purchase of a security. *Wafra Leasing Corp. v. Prime Capital Corp.*, 192 F. Supp. 2d 852, 864 (N.D. Ill. 2002); *Antell v. Arthur Andersen LLP*, No. 97 C 3456, 1998 WL 245878 at *5-6 (N.D. Ill. May 4, 1998). *Cf. Beard v. J.I. Case Co.*, 823 F.2d 1095, 1097 n.1 (7th Cir. 1987) ("[A] period of repose bars a suit a fixed number of years after an action by the defendant . . . , even if this period ends before the plaintiff suffers any injury.") *But see Otto v. Variable Annuity Life Ins. Co.*, 816 F. Supp. 458, 461 n.3 (N.D. Ill.1992) ("[A] violation of § 10(b) and Rule 10b-5 is comprised not only of a misrepresentation or omission of material fact, but also includes the purchase or sale of any security.") (citations and quotations omitted). The Court finds persuasive the reasoning of those cases holding that the statute of repose commences when a defendant makes a misrepresentation or omission in connection with the sale or purchase of a security.

Under the three-year statute of repose, claims based on any misrepresentation or omission in connection with the sale or purchase of a security that occurred before July 30, 1999 expired before the Sarbanes-Oxley Act became effective on July 30, 2002. *See* 501 U.S. at 364. These claims expired regardless of the fact that plaintiffs allege they did not have inquiry notice as to these claims until much later. *See Neal v. Honeywell, Inc.*, 33 F.3d 860, 865 (7th Cir. 1994) ("The statute of repose for a federal securities claim may expire before the plaintiff discovers the

5

fraud."), *abrogated on other grounds, Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 125 S.Ct. 2444, 2449 (2005); *see also Lampf*, 501 U.S. at 363 (stating that tolling principles do not apply to the three-year statute of repose). Accordingly, the Court grants defendants' motion.

## CONCLUSION

For the reasons set forth above, the Court grants defendants' motion for judgment on the pleadings [doc. no. 243-1] which seeks to dismiss part of the Amended Consolidated Class Action Complaint. The Court dismisses with prejudice the § 10(b) claims based on any misrepresentation or omission that occurred before July 30, 1999 in connection with the sale or purchase of a security.

**SO ORDERED**　　　　　　　　　　　　　　ENTERED: 2/28/2006

　　　　　　　　　　　　　　　　　　　　　　／s／ Ronald A. Guzman
　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　United States Judge