**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02 C 5893 (Consolidated) |
| HOUSEHOLD INTERNATIONAL, INC., MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., GOLDMAN SACHS & CO., INC., ARTHUR ANDERSEN, L.L.P., WILLIAM F. ALDINGER, DAVID A. SCHOENHOLZ, GARY GILMER, J.A. VOZAR, ROBERT J. DARNALL, GARY G. DILLON, JOHN A. EDWARDSON, MARY JOHNSTON EVANS, J. DUDLEY FISHBURN, CYRUS F. FREIDHEIM, LOUIS E. LEVY, GEORGE A. LORCH, JOHN D. NICHOLS, JAMES B. PITBLADO, S. JAY STEWART, and LOUIS W. SULLIVAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence E. Jaffe Pension Plan, on behalf of itself and all others similarly

situated, brought this suit alleging violations of 15 U.S.C. § 78(j)(b) ("§ 10(b)" of the Exchange

Act of 1934 ("1934 Act")) and 17 C.F.R. § 240.10b-5 ("Rule 10b-5") against Household,

Household Officers, identified as Aldinger, Schoenholz, and Gilmer, and Arthur Andersen

("Andersen")[1] in Count I; violation of 15 U.S.C. § 78(t)(a) ("§ 20(a)" of the 1934 Act) by

Household, and Household Officers in Count II; violations of 15 U.S.C. §§ 77k, 77l(a)(2), and

---

[1]On January 31, 2006, the Court entered a revised order preliminarily approving
settlement of the class claims against Andersen.

77o ("§§ 11, 12(a)(2), and 15" of the Securities Act of 1933 ("1933 Act")) by Household, Household Officers, Household Directors,[2] Andersen, Goldman Sachs & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc. in Count III,[3] and violations of §§ 11, 15 of the 1933 Act by Household, Household Directors and Andersen in Count IV. On December 3, 2004, the Court certified the class solely as to the § 10(b) claims. Glickenhaus & Co. has been named lead plaintiff.

The Household defendants have moved pursuant to Federal Rule Civil Procedure ("Rule") 12(b)(6) to dismiss the complaint for failure to state a claim based on *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 1632-34 (2005). For the reasons set forth in this Memorandum Opinion and Order, the Court treats defendants' motion as one for judgment on the pleadings pursuant to Rule 12(c) and denies the motion.

## FACTS

Because the Court has fully set forth the allegations in a prior opinion in this case, it will not restate the facts in detail here. For a complete factual background, *see Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 8293, 2004 WL 574665, at *1-3 (N.D. Ill. Mar. 22, 2004).

---

[2]The Household Directors are identified as Aldinger, Schoenholz, Robert J. Darnall, Gary G. Dillon, John A. Edwardson, Mary Johnston Evans, J. Dudley Fishburn, Cyrus F. Freidheim, Jr., Louis E. Levy, George A. Lorch, John D. Nichols, James B. Pitblado, S. Jay Stewart, and Louis W. Sullivan. HFC is a wholly owned subsidiary of Household and its directors are identified as Aldinger, Schoenholz, Gilmer, and J.A. Vozar.

[3]Goldman Sachs and Merrill Lynch were terminated as parties when the Court granted a motion to dismiss Count III in a previous Memorandum Opinion and Order. *See Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2004 WL 574665, at *18 (N.D. Ill. Mar. 22, 2004).

## DISCUSSION

The Household defendants have moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). Because such a motion to dismiss must be filed prior to any responsive pleadings, which have already been filed in this case, the Court treats the motion as one for judgment on the pleadings. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 n.3 (7th Cir. 1998); FED. R. CIV. P. 12(b)(6), 12(c). On a motion for judgment on the pleadings, the court accepts "all well-pleaded allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). "[T]he motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989).

Section 10(b) of the Securities Exchange Act of 1934 states that "[i]t shall be unlawful . . . [t]o use or employ . . . in connection with the purchase or sale of any security . . . any . . . deceptive device . . . in contravention of . . . [Securities and Exchange Commission] rules and regulations." 15 U.S.C. § 78j(b). Rule 10b-5 provides in pertinent part that "[i]t shall be unlawful . . . [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b). From Section 10(b) and Rule 10b-5, courts have implied a private action for damages and Congress has enacted laws to enforce requirements on such an action. *Dura,* 125 S. Ct. at 1631 (citing *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 196 (1976), *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 730 (1975), and 15 U.S.C. § 78u-4(b)(4)).

In cases involving publicly traded securities and purchases or sales in public securities markets, the action's basic elements include:

(1) a material misrepresentation (or omission);

(2) scienter, *i.e.*, a wrongful state of mind;

(3) a connection with the purchase or sale of a security;

(4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation";

(5) economic loss, 15 U.S.C. § 78u-4(b)(4); and

(6) "loss causation," *i.e.*, a causal connection between the material misrepresentation and the loss.

*Id.* (emphases and internal citations omitted). The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA") expressly states that "the plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4).

In *Dura*, the plaintiffs claiming securities fraud merely alleged that "[i]n reliance on the integrity of the market, [they] . . . paid artificially inflated prices for Dura securities . . . and . . . suffered 'damage[s]' thereby." 125 S. Ct. at 1630 (emphases and internal quotations omitted). The Ninth Circuit held that plaintiffs sufficiently pleaded loss causation because the law in that circuit only required "the plaintiff [to] show[] that the misrepresentation touches upon the reasons for the investment's decline in value." *Broudo v. Dura Pharms., Inc.*, 339 F.3d 933, 939 (9th Cir. 2003) (internal quotations omitted). The Supreme Court reversed, holding that the Ninth Circuit's approach was inconsistent with § 10(b), Rule 10b-5, and the PSLRA's requirements that the plaintiff allege the traditional elements of causation and loss and stating that "[t]o 'touch upon' a loss is not to *cause* a loss, and it is the latter that the law requires."

*Dura*, 125 S. Ct. at 1632, 1634 (emphasis original).

The Court explained that typically in "fraud-on-the-market cases . . . an inflated purchase price will not itself constitute or proximately cause the relevant economic loss." *Id.* at 1631. The Court reasoned that when the transaction occurs, the plaintiff has not incurred a loss because "the inflated purchase payment is offset by ownership of a share that at that instant possesses equivalent value." *Id.* The Court stated that although "an initially inflated purchase price *might* mean a later loss[,] . . . . that is far from inevitably so." *Id.* at 1632 (emphasis original). Even if the purchaser resells the shares later at a lower price, that lower price may be caused by factors including "changed economic circumstances, changed investor expectations, new industry-specific or firm specific facts, conditions or other events." *Id.* Therefore, a plaintiff alleging an inflated purchase price alone is insufficient to satisfy the pleading requirement without alleging that the defendant's misrepresentations proximately caused the loss. *Id.*

The Household defendants argue that *Dura* changed the pleading requirements in the Seventh Circuit with regard to loss causation for plaintiffs alleging securities law violations. The Court disagrees. The *Dura* Court, in rejecting the Ninth Circuit's inflated purchase price approach, iterated that notice pleading applies to fraud-on-the-market claims and held that the plaintiffs' complaint merely "fail[ed] this simple test." *Id.* at 1634. The *Dura* Court noted that the Seventh Circuit had already rejected the Ninth Circuit's approach to alleging loss causation. *Id.* at 1633 (citing *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 685 (7th Cir. 1990)). Thus, *Dura* did not change the controlling law in this circuit.

In *Bastian*, the Seventh Circuit set forth a standard of loss causation, stating "that [a] plaintiff must allege and prove that, but for the defendant's wrongdoing, the plaintiff would not have incurred the harm of which he complains." 892 F.2d at 685. *Bastian* holds that a plaintiff

5

may not recover for securities fraud unless he alleges and offers evidence that the plaintiff's loss is attributable to the defendant's fraud and not general market forces. *Id.* In *Caremark, Inc. v. Coram Healthcare Corp.*, the Seventh Circuit again stated that a plaintiff pleading loss causation "must allege that it was the very facts about which the defendant lied which caused its injuries." 113 F.3d 645, 648-49 (7th Cir. 1997). In addition, district courts in securities fraud cases post-*Dura* have applied the loss causation standard set forth in *Bastian* and again in *Caremark*. *See Asher v. Baxter Int'l, Inc.*, No. 02 C 5608, 2006 WL 299068, at *7-8 (N.D. Ill. Feb. 7, 2006) (holding that plaintiffs had satisfied burden of pleading loss causation by alleging that but for the defendant's misrepresentations about the state of affairs of the company, the drop in share price would not have occurred following an announcement of lower than expected earnings); *Greater Pa. Carpenters Pension Fund v. Whitehall Jewelers, Inc.*, No. 04 C 1107, 2005 WL 1563206, at (N.D. Ill. Jun. 30, 2005) (holding that court's own pre-*Dura* determination that the plaintiff had sufficiently pleaded that the loss was caused by the alleged fraud at issue was not upset by the principles articulated in *Dura*).

In this case, plaintiffs have sufficiently pleaded loss causation. Although plaintiffs, like the *Dura* plaintiffs, allege that they suffered damages because they relied "on the integrity of the market . . . [and] paid artificially inflated prices for Household securities," (Am. Consol. Compl. ¶ 349), unlike the *Dura* plaintiffs, plaintiffs in the instant case do not rely solely on such language. Plaintiffs further allege that "[a]s a direct and proximate result of these defendants' wrongful conduct, plaintiffs and other members of the class suffered damages in connection with their purchases of Household securities during the Class Period." (*Id.* ¶ 350.) Thus, they allege that Household's wrongful conduct, which included deceptive lending practices, improperly re-aging delinquent accounts and improper accounting for costs, proximately caused their

economic loss. This allegation of loss causation satisfies the notice pleading standard as enunciated in *Dura* and *Bastian*. *See Dura*, 125 S.Ct. at 1634; *Bastian*, 892 F.2d at 685. Accordingly, plaintiffs' complaint withstands the motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, the Court denies the Household defendants' motion to dismiss [doc. no. 247-1], which the Court has treated as a motion for judgment on the pleadings.

**SO ORDERED**                                         **ENTERED:**

APR 2 4 2006

HON. RONALD A. GUZMAN
**United States Judge**