UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 02 C 5893 ) |
| HOUSEHOLD INTERNATIONAL, INC., et al., | ) Judge Nan R. Nolan ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed this securities fraud class action alleging that Defendants Household International, Inc., Household Finance Corporation, and certain individuals (collectively, "Household") engaged in predatory lending practices between July 30, 1999 and October 11, 2002 (the "Class Period"). Currently before the court is Plaintiffs' Motion to Compel Production of Documents by Defendants' Experts Pursuant to Plaintiffs' Subpoenas. For the reasons set forth below, the motion is denied.

### BACKGROUND

Plaintiffs seek to compel three of Defendants' experts – Robert E. Litan, Carl A. LaSusa, and John L. Bley – to produce documents pursuant to subpoenas issued on or about February 5, 2008. The experts have all timely objected to the subpoenas on numerous grounds. (*See* Exs. 4-6 of Pl.'s Mot.)

As a preliminary matter, the court notes that the parties placed a joint call to chambers on or about February 26, 2008 to discuss this issue, as well as a continuing dispute regarding Defendants' identification of 23 witnesses as non-retained "experts" pursuant to Judge Guzman's ruling in *Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 736, 2006 U.S. Dist. LEXIS 85678 (N.D. Ill. Nov. 16, 2006). At the time, the court was completely unaware of the subpoena dispute and had

not received any motion, documentation, or other information about it. As usual, the parties bickered extensively and tossed out numerous facts and arguments, and the court instructed Plaintiffs to file an appropriate motion.

After receiving the motion, the court issued an Order addressing the *Sunstar* matter and setting a short briefing schedule on the subpoena dispute. (Minute Order of 2/26/08, Doc. 1187.) The court did not understand, however, that Mr. LaSusa was represented by separate counsel who did not yet have an appearance on file in the case and who had never been contacted by Plaintiffs' counsel for a meet and confer. The court appreciates that Mr. LaSusa's counsel has prepared a response to this motion despite receiving late notice of the court's February 26, 2008 Order.

## DISCUSSION

### A. The Litan and Bley Subpoenas

The Litan and Bley subpoenas were not issued by this court and cannot properly be enforced here. Federal Rule of Civil Procedure 45 clearly states that "[i]f an objection [to a subpoena] is made . . . the serving party may move the issuing court for an order compelling production or inspection." FED. R. CIV. P. 45(c)(2)(B)(i). The Litan subpoena was issued by the district court for the Western District of Missouri, and the Bley subpoena was issued by the district court for the Western District of Washington. (*See* Exs. 2 and 3 to Def. Resp.) Curiously, Plaintiffs misleadingly omit these significant facts from the body of their motion. Contrary to Plaintiffs' assertion, attachment of the experts' objections with case captions from the other jurisdictions as exhibits to the motion is not adequate notice to this court. Nor are the statements made by Defendants' counsel to the court's law clerk during the contentious February 26, 2008 telephone call.

Plaintiffs argue that the subpoenas are properly before this court because the individuals "are not uninterested, independent third parties" but, rather, are "paid experts." (Pl. Reply, at 4.) It is clear, however, that "a subpoena *duces tecum* issued pursuant to Rule 45 is an appropriate

2

discovery mechanism against nonparties such as a party's expert witness." *Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, No. 04 C 321, 2004 WL 406999, at *3 (N.D. Ill. Feb. 26, 2004). Plaintiffs have not cited a single case suggesting that this court can enforce Rule 45 subpoenas issued by other jurisdictions merely because they are addressed to expert witnesses. To the extent this is not the issuing court for the Litan and Bley subpoenas, and in light of the misleading nature of Plaintiffs' motion, the court will not address those two subpoenas here. *See Steadfast Ins. Co. v. Auto Marketing Network, Inc.*, No. 97 C 5696, 2001 WL 881354, at *7 (N.D. Ill. Aug. 2, 2001) ("[T]his court lacks the power to enforce or modify subpoenas obtained from other district courts."); *Lieberman v. American Dietetic Ass'n*, No. 94 C 5353, 1995 WL 250414, at *1 (N.D. Ill. Apr. 25, 1995) ("Nothing . . . authorizes *this* court to either enforce or modify subpoenas obtained from the California district court.") (emphasis in original).

**B.     The LaSusa Subpoena**

The LaSusa subpoena did issue from this court, but it suffers from other defects. First, as mentioned earlier, Plaintiffs never conducted a meet and confer session with Mr. LaSusa's counsel prior to bringing this motion, as required by Local Rule 37.2 and this court's Standing Order on Discovery Motions.

In addition, on March 30, 2007, the parties entered into a detailed Stipulation Regarding Expert Discovery designed to "limit the scope of discoverable information relating to . . . experts' opinions." (Stipulation, Ex. 7 to Pl. Mot., ¶ 1.) Pursuant to the Stipulation, the parties agreed that testifying experts would provide five categories of information: (1) expert reports; (2) a list of all case-related materials relied upon by each expert, with corresponding Bates stamp numbers and deposition pages, as well as copies of all other documents or information the expert relied upon; (3) the compensation the expert received for the study and testimony; (4) the expert's qualifications, including a list of all publications authored within the preceding 10 years; and (5) a list of cases in which the expert testified as an expert at trial, hearing, or deposition within the preceding four years.

(*Id.* ¶ 2.) This largely mirrors the requirements of Rule 26(a)(2)(B). The parties also agreed that if the expert had in his possession, custody or control reports submitted in the cases identified in subpart 5, he would produce them along with the expert report in this case, unless subject to a protective or confidentiality order. (*Id.* ¶ 3.) Finally, the parties agreed that the content of communications between counsel and experts, and notes or other preliminary work created by, for, or at the direction of the experts, need not be produced. (*Id.* ¶ 4.)

Plaintiffs now argue that the Stipulation does not serve as a limit on their ability to seek additional documents from Defendants' experts. (Pl. Mot. at 4.) Defendants disagree, arguing that the Stipulation "clearly and unambiguously defines the bounds of the permissible scope of material an expert is required to produce." (Def. Resp., at 5.) "As with other contracts, courts interpret stipulations according to the objective intentions of the parties." *United States v. Johnson*, 396 F.3d 902, 905 (7th Cir. 2005). Thus, the court "do[es] not look beyond the four corners of the agreement unless the stipulation is reasonably subject to more than one interpretation." *Id.* Whether an agreement is clear or ambiguous is a question of law. *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 604-05 (7th Cir. 2001) (citing *Frydman v. Horn Eye Ctr., Ltd.*, 286 Ill. App. 3d 853, 858, 676 N.E.2d 1355, 1359 (1st Dist. 1997)). "Courts will not find ambiguity in contractual language where none exists, . . . and contract language will only be found ambiguous when it is reasonably susceptible to different constructions, not merely when the parties disagree as to its proper construction or application." *Id.* at 605 (citing *In re Estate of Powless*, 315 Ill. App. 3d 859, 864, 734 N.E.2d 111, 116 (5th Dist. 2000) and *Allied Asphalt Paving Co. v. Village of Hillside*, 314 Ill. App. 3d 138, 144, 731 N.E.2d 425, 429 (1st Dist. 2000)).

As noted, Paragraph 1 of the Stipulation states that the purpose of the agreement is "to limit the scope of discoverable information relating to such experts' opinions as follows." The parties' dispute focuses on the meaning of the phrase "as follows." Plaintiffs insist that the phrase means that expert discovery is limited as stated in the Stipulation, but otherwise not limited at all.

4

Defendants counter that the phrase means that discovery is limited as stated in the Stipulation, such that no other discovery is permissible.

Applying the above legal principles, and viewing the Stipulation as a whole, the court finds no ambiguity in the agreement. Giving the phrase "as follows" its ordinary meaning, the Stipulation sets forth the entire universe of discoverable information relating to the parties' experts. *Interim Health Care of Northern Illinois, Inc. v. Interim Health Care, Inc.*, 225 F.3d 876, 879 (7th Cir. 2000) ("In Illinois, clear and unambiguous terms in a contract are given their ordinary and natural meaning.") (internal quotations omitted). The Stipulation details in the five paragraphs after the "as follows" language both the experts' required disclosures as well as information that need not be disclosed. It is also states that the Stipulation does not prevent deposition questions relating to the substance of the experts' opinions, his compensation, his hours of preparation, or the frequency and duration of meetings with counsel regarding the report. To the extent that paragraph 2 of the Stipulation essentially parallels the requirements of Rule 26(a)(2)(B), Plaintiffs' proposed interpretation to allow additional discovery would render the remainder of the Stipulation largely meaningless. Illinois, however, "requires that contracts be interpreted as a whole, in a way that gives effect to all terms, in the light of their ordinary and natural meanings." *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144 (7th Cir. 1996).

The Stipulation clearly sets forth the parties' rights and responsibilities with respect to expert disclosures and covers the scope of discoverable information in that regard. *See Woods v. Southwest Airlines, Co.*, 523 F. Supp. 2d 812, 821 (N.D. Ill. 2007) ("Illinois contract law presumes that a written agreement communicates the intent of the parties without a need to resort to extrinsic evidence of the same.") Thus, Plaintiffs' subpoena for additional expert disclosures from Mr. LaSusa is improper, and his objections are sustained. Plaintiffs of course remain free to pursue areas of inquiry contemplated by the subpoena during Mr. LaSusa's deposition.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Compel Production of Documents by Defendants' Experts Pursuant to Plaintiffs' Subpoenas [Doc. 1184] is denied.

ENTER:

Dated: March 10, 2008

_____
NAN R. NOLAN
United States Magistrate Judge