UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 02 C 5893 ) |
| HOUSEHOLD INTERNATIONAL, INC., et al., | ) Judge Nan R. Nolan ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed this securities fraud class action alleging that Defendants Household International, Inc., Household Finance Corporation, and certain individuals (collectively, "Household") engaged in predatory lending practices between July 30, 1999 and October 11, 2002 (the "Class Period"). Currently before the court are Defendants' Motion for a Finding of Contempt and for Appropriate Sanctions, and Plaintiffs' Motion to Strike Defendants' Motion for Contempt for Failure to Comply with Local Rules 37.1 and 37.2, or in the Alternative, a Request for an Evidentiary Hearing Pursuant to Local Rule 37.1. For the reasons set forth below, the motions are both denied.

## BACKGROUND

This dispute concerns Defendants' document Bates stamped HHS-E0001208 ("Document 1208"), which relates to the Ernst & Young Compliance Engagement. Defendants inadvertently produced the document to Plaintiffs during the course of discovery, but recalled it on July 21, 2006 pursuant to the terms of the parties' Protective Order. (*See* Minute Order of 11/5/04, Doc. 193.) Plaintiffs disputed Defendants' claim of privilege as to the E&Y documents in general, including Document 1208 in particular. On December 6, 2006, the court held that documents relating to the E&Y Compliance Engagement were privileged, but that they nonetheless had to be produced under

the *Garner* fiduciary duty exception to the privilege. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412 (N.D. Ill. 2006).

On February 22, 2007, Plaintiffs moved to compel production of an additional 187 E&Y documents. Confusingly, Plaintiffs included Document 1208 on this list, though they now claim that the document was no longer at issue. (*Compare* Ex. A to Doc. 975 with Pl. Mot., at 3-4, Doc. 1202.) In any event, on February 27, 2007, the court clarified that the *Garner* exception only applied during the period when Plaintiffs had a fiduciary relationship with Household and, thus, did not apply to post-Class Period documents. The parties will recall that neither of them raised the post-Class Period issue with the court in their briefing on the earlier motion, nor was the court aware that most of the documents were dated after the Class Period. (*See* Minute Order of 2/27/07, Doc. 999.) There is no dispute that Document 1208 is dated February 18, 2003, after the Class Period. Plaintiffs appealed this Order to Judge Guzman, who affirmed it in full. (Minute Order of 4/9/07, Doc. 1039.)

Defendants insist that pursuant to these Orders, Plaintiffs were required to return and/or destroy all copies of Document 1208. Instead, Defendants argue, Plaintiffs gave it to their expert, Catherine Ghiglieri, who improperly referenced it throughout her report. (Def. Mem., at 5.) Plaintiffs insist that this is not the entire story. They note that they marked Document 1208 as an exhibit at the December 7, 2006 deposition of Household witness Kenneth Robin, without objection from defense counsel. Plaintiffs also emphasize that approximately one week after the court issued its February 27, 2007 Order, Plaintiffs questioned Household witness Robin Allcock about the document at her March 8, 2007 deposition, again without objection from Defendants' counsel. In addition, Ms. Ghiglieri issued her expert report referencing Document 1208 on or about August 15, 2007, and Defendants made no comment or objection to its contents until nearly six months later at her February 13, 2008 deposition.

Defendants respond that Plaintiffs used Document 1208 without providing a copy of its cover email as required by the parties' native format protocol. (Def. Reply, at 7.) This omission was significant, Defendants insist, because only the cover email showed that the document was dated after the Class Period. In Defendants' view, "[t]o credit Plaintiffs' waiver argument would disadvantage Defendants simply because they failed to recognize soon enough that Plaintiffs were not conducting themselves in good faith and in accordance with the Court's clear orders." (*Id.*) Defendants thus filed a motion for a finding of contempt on March 10, 2008. Plaintiffs responded with a motion to strike Defendants' motion, or for an evidentiary hearing.

## DISCUSSION

"For [a party] to be held in civil contempt, he must have violated an order that sets forth in specific detail an unequivocal command from the court." *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) (quoting *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)). Sanctions for civil contempt are properly imposed "to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." *Id*.

Contrary to Plaintiffs' assertion, Document 1208 was encompassed within the court's February 27, 2007 Order and was privileged. As noted, Plaintiffs specifically referenced the document in their motion leading to that Order, even if they now claim it was inadvertent.[1] Moreover, the court's Order clarified that the *Garner* exception only applied to documents created during the Class Period. Significantly, this was the court's first opportunity to address post-Class Period documents. (*See* Minute Order of 2/27/07, Doc. 999.) Document 1208 falls outside the Class Period and, thus, it is not subject to the *Garner* exception. Given the volume of documents produced in this case, moreover, it is entirely unrealistic for Plaintiffs to expect this court to

---

[1] For this reason, the court declines to address Plaintiffs' contention that Document 1208 does not constitute a communication between E&Y and household.

specifically enumerate each document that must be returned.  Rather, the court expects the parties to comply with the spirit as well as the letter of each ruling with respect to all documents at issue.

That the document was privileged, however, does not warrant a finding of contempt in this case.  "The party seeking to assert the privilege bears the burden of showing that the privilege was not waived."  *MG Capital LLC v. Sullivan*, No. 01 C 5815, 2002 WL 1424560, at *2 (N.D. Ill. July 1, 2002).  Where a document has been inadvertently disclosed – as is the case with Document 1208 – courts employ a balancing test to determine whether the disclosure results in a waiver of privilege. *Urban Outfitters, Inc. v. DPIC Cos.*, 203 F.R.D. 376, 380 (N.D. Ill. 2001).  Specifically, courts weigh (1) the reasonableness of the precautions taken to prevent the disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness.  *Id.*

Given the millions of pages of documents produced in this case, there is some question as to whether, as Plaintiffs suggest, Defendants needed to specifically recall each and every document they wanted returned pursuant to the court's Orders.  That said, Defendants certainly should have recalled any privileged documents immediately upon receiving notice of their improper use. Defendants object that Plaintiffs misleadingly failed to provide the cover email to Document 1208 during the Robin and Allcock depositions.  In fact, at the Robin deposition, defense counsel recognized that the document was missing a cover email and pointed this out to Plaintiffs' counsel. Plaintiffs' counsel agreed, stating that he did not know why the email was missing and asking defense counsel if he had a copy.  (Robin Dep., at 173.)  Regardless, Defendants concede that Plaintiffs did not ask any substantive questions about the exhibit at either deposition.  (Def. Reply, at 7.)

More importantly, Defendants offer no explanation for their failure to object to Ms. Ghiglieri's August 15, 2007 report – in which she, in Defendants' own words, "discusse[s] the document at length . . . and disclose[s] the substance of the privileged communication" – until nearly six months

4

after receiving it. (Def. Mem., at 5.) It was clear from the Robin and Allcock depositions that Plaintiffs – whether due to confusion or otherwise – did not believe Document 1208 to be privileged, and Defendants' failure to react timely to the Ghiglieri report reinforced Plaintiffs' false impression. Defendants have multiple attorneys who have worked on this case for years, and who are responsible for knowing their own documents, particularly those that are privileged. Under such circumstances, the time it took Defendants to rectify the error and seek to prevent further use of Document 1208 was unreasonable, and their effort to recall the document now is unfair. The privilege has been waived as to this document, and there is no basis for a finding of contempt.

The waiver, however, is extremely narrow and is limited solely to Document 1208 in the form in which it has been produced in this case. The privilege is not waived with respect to any related documents, any other documents with similar or related content, or any documents which may contain or reference any part of Document 1208 or its contents. Nor may Plaintiffs, at this late date near the end of expert discovery, pursue any discovery relating to Document 1208 or its contents. *See Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1127 (7th Cir. 1997) ("[T]he severity of punishment for a mistake should be proportioned to the gravity of the mistake.")

## CONCLUSION

For the reasons stated above, Defendants' Motion for a Finding of Contempt [Doc. 1199] is denied. Plaintiffs' Motion to Strike [Doc. 1202] is denied as moot.

ENTER:

Dated: April 9, 2008

*/s/ Nan R. Nolan*
_____
NAN R. NOLAN
United States Magistrate Judge

5