# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOUSEHOLD INTERNATIONAL, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. 02-C-5893 (Consolidated) <br><br> <u>CLASS ACTION</u> <br><br> Judge Ronald A. Guzman <br> Magistrate Judge Nan R. Nolan |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(b) AND MOTION FOR NEW TRIAL PURSUANT TO RULE 59</u>

Lead Plaintiffs respectfully submit this memorandum of law in support of their Motion to Strike Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) and Motion for New Trial Pursuant to Rule 59.

Under Local Rule 78.3, "*[f]ailure to file a supporting or answering memorandum* shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, ***but*** the court on its own motion or that of a party ***may strike the motion*** or grant the same without further hearing." U.S.D.C. N.D. Ill. LR 78.3 (emphasis added); *Feldman v. Trane*, 07 C 2694, 2008 U.S. Dist. LEXIS 89169, at *8 (N.D. Ill. Nov. 4, 2008) (recognizing the court's ability under Local Rule 78.3 to strike or grant a motion for failure to timely file supporting or opposing memorandum); *Bonvolanta v. Delnor Cmty. Hosp.*, 413 F. Supp. 2d 906, 908 (N.D. Ill. 2005) (same). Here, defendants have failed to file any memoranda in support of their Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) or in support of their Motion for New Trial Pursuant to Rule 59. Defendants' failure to file any supporting memoranda for their post-trial motions in direct violation of this Court's briefing schedule – a schedule defendants requested – justifies an Order striking both motions under Local Rule 78.3.

On May 7, 2009, after a six-week trial, the jury returned a verdict in favor of plaintiffs, finding defendants liable for violations of §10(b), Rule 10b-5 and §20(a). *See* Dkt. No. 1611 (completed verdict form). After excusing the jury, the Court asked the parties whether they wanted to set the briefing schedule for any post-trial motions. *See* Trial Tr. at 4808:23-25 ("Does anybody need a date for motions?"); *id*. at 4810:11-15 ("I think the first step is a date for motions and resolution of any motions on the jury verdict."). Counsel for defendants responded as follows:

> MR. KAVALER: [Y]ou have the power to give us up to 60 days for a brief. ***We would ask you for the maximum time available for the brief***.

Trial Tr. at 4810:23-25 (emphasis added). The Court granted counsel's request for 60 days. *Id*. at 4811:11-14 ("THE COURT:  You're asking for 60 days?  KAVALER:  I am, your Honor.  THE

COURT: Okay, 60 days."). Plaintiffs' counsel requested 30 days to respond to defendants' post-trial motions, which the Court also granted. Trial Tr. at 4812:2-3 ("DOWD: Fair enough, your Honor. Then I would ask for 30 days to respond if he gets 60."). The Court then scheduled defendants' reply deadline for 15 days after the filing of plaintiffs' opposition. Trial Tr. at 4812:4 ("60 plus 30 and a reply in 15"). Based on the briefing schedule ***requested by defendants*** and set by the Court, defendants' memoranda supporting their post-trial motions were due on July 6, 2009.[1]

On May 21, 2009, defendants filed a Notice of Motion, along with a Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) and a Motion for New Trial Pursuant to Rule 59. *See* Dkt. No. 1620. Defendants acknowledged they were filing the motions "pursuant to the schedule established by Judge Guzman." *Id*. at 1. In footnote No. 1 of defendants' motion for judgment as a matter of law, defendants stated:

> [P]ursuant to the Court's instructions on May 7, 2009, Defendants file this Motion to address the initial class-wide verdicts, ***with a supporting memorandum to follow not later than July 6, 2009***.

*See* Dkt. No. 1618 at 1 n.1 (emphasis added). Defendants' motion for new trial contained an identical footnote, repeating defendants' assertion that they would file a supporting memorandum "***not later than July 6, 2009***." Dkt. No. 1619 at 1 n.1 (emphasis added).

July 6, 2009 has come and gone, yet inexplicably, defendants have not filed ***any*** memoranda in support of their post-trial motions. *See, e.g.*, Civil Docket for Case No. 1:02-cv-05893 (showing that the last filing occurred on June 11, 2009.) Nor have defendants requested an extension from the Court, contacted plaintiffs' counsel, or otherwise made any effort to explain their absolute failure to comply with the briefing schedule ***defendants requested*** from the Court. Defendants' unexcused

---

[1]    Pursuant to the Court's briefing schedule, plaintiffs' oppositions to defendants' post-trial motions are currently due August 5, 2009, while defendants must reply by August 20, 2009.

failure to timely file any supporting post-trial memoranda justifies an Order striking defendants'

motions for judgment as a matter of law and new trial.

Moreover, the post-trial motions defendants did file on May 21, 2009 are wholly inadequate

as a matter of law.  For example, defendants' bald assertions that they are "entitled to judgment on

all Rule 10b-5 claims" (Dkt. No. 1618 at 2) comes nowhere close to satisfying the heavy burden they

face under Rule 50(b).  *See, e.g.*, *Waite v. Board of Trs.*, 408 F.3d 339, 343 (7th Cir. 2005) (noting

that the court will overturn a jury verdict for the plaintiff only if no rational jury could have found

for the plaintiff – "a difficult standard to meet").  Likewise, defendants' motion for a new trial fails

to demonstrate that the jury's verdict "resulted in a miscarriage of justice or where the verdict, on the

record, cries out to be overturned or shocks [the] conscience." *Latino v. Kaizer*, 58 F.3d 310, 315

(7th Cir. 1995); *Severtson v. Hannan*, No. 96-2542, 1997 U.S. App. LEXIS 22279, at *10 (7th Cir.

Aug. 13, 1997) (noting that the burden on a party seeking a new trial based on erroneous evidentiary

rulings is an "onerous" one).

Additionally, it is virtually impossible to respond to defendants' barebones post-trial

motions.  Both post-trial motions merely summarize, in a sentence or less, why defendants are

entitled to judgment as a matter of law under Rule 50(b) or a new trial under Rule 59.  Indeed, the

motions contain none or only "scant citation to legal authority, and citation to the record or trial

transcripts is nonexistent."[2] *Spina*, 207 F. Supp. 2d at 769 (denying defendants' motion for a new

trial).[3]  The problem with defendants' cursory approach is obvious in the context of post-trial

_____

[2]      Defendants' apparent efforts to preserve issues for review on appeal should be rejected. *See Spina v. Forest Preserve Dist.*, 207 F. Supp. 2d 764, 769 (N.D. Ill. 2002) (denying motion for new trial and noting that defendant's motion for a new trial "appears to be nothing more than an attempt to preserve issues for review on appeal").

[3]      For example, in their motion for new trial, defendants claim the Court committed judicial error by "[i]mproperly allowing the opinion testimony contained in ***various documents*** produced by third-party Wells

motions, where, at a minimum, defendants must establish that they properly preserved at trial the issues they now seek to raise. The court in *Spina* addressed this very point: "[i]t is not the role of this Court to sift through the voluminous record to confirm whether [defendant] properly preserved these issues for review – an arduous task that [the defendant] apparently decided was not worth its time to undertake."[4] *Id*. at 770 n.2. Given these circumstances, this Court should strike defendants' post-trial motions and plaintiffs should not be required to respond to defendants' inadequate and incomplete post-trial motions.[5]

In sum, pursuant to Local Rule 78.3, an Order striking Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) and Motion for New Trial Pursuant to Rule 59 is appropriate in this case. Defendants have failed to timely file memoranda in support of their post-trial motions, in direct violation of the briefing schedule defendants themselves requested. Additionally, due to defendants' failure to file supporting memoranda, plaintiffs should not be required to respond to the barebones post-trial motions defendants filed on May 21, 2009.

---

Fargo for the truth of the matters asserted therein," without identifying the specific exhibits or opinion testimony defendants claim were improperly admitted. *See* Dkt. No. 1619 at 13 (emphasis added).

[4]     *See also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[5]     Defendants also add qualifying language, such as claiming "[j]udicial error with respect to jury instructions . . . *including, but not limited to* the following prejudicial errors," thereby making it impossible for plaintiffs to anticipate and adequately respond to the arguments raised in defendants' post-trial motions. *See* Dkt. No. 1619 at 3 (emphasis added).

DATED:  July 20, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
MICHAEL J. DOWD (135628)
SPENCER A. BURKHOLZ (147029)
DANIEL S. DROSMAN (200643)
MAUREEN E. MUELLER (253431)


/s/ Maureen E. Mueller
MAUREEN E. MUELLER

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
AZRA Z. MEHDI (90785467)
D. CAMERON BAKER (154432)
LUKE O. BROOKS (90785469)
JASON C. DAVIS (253370)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
Telephone:  312/332-3400
312/676-2676 (fax)

Liaison Counsel

LAW OFFICES OF LAWRENCE G.
  SOICHER
LAWRENCE G. SOICHER
110 East 59th Street, 25th Floor
New York, NY  10022
Telephone:  212/883-8000
212/355-6900 (fax)

Attorneys for Plaintiff

S:\CasesSD\Household Intl\Trial\Post Trial\MOT00060655_MTS.doc

DECLARATION OF SERVICE BY ELECTRONIC MAIL AND BY U.S. MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, State of California, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 W. Broadway, Suite 1900, San Diego, California 92101.

2.      That on July 20, 2009, declarant served by electronic mail and by U.S. Mail to the parties MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(b) AND MOTION FOR NEW TRIAL PURSUANT TO RULE 59.

The parties' email addresses are as follows:

| | |
|---|---|
| TKavaler@cahill.com | NEimer@EimerStahl.com |
| PSloane@cahill.com | ADeutsch@EimerStahl.com |
| PFarren@cahill.com | MMiller@MillerLawLLC.com |
| LBest@cahill.com | LFanning@MillerLawLLC.com |
| DOwen@cahill.com | |

and by U.S. Mail to:

Lawrence G. Soicher, Esq.               David R. Scott, Esq.
Law Offices of Lawrence G. Soicher      Scott & Scott LLC
110 East 59th Street, 25th Floor        108 Norwich Avenue
New York, NY 10022                      Colchester, CT  06415

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of July, 2009, at San Diego, California.

_____
/s/ Teresa Holindrake
TERESA HOLINDRAKE