UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>- against -<br><br>HOUSEHOLD INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Lead Case No. 02-C-5893<br>(Consolidated)<br><br>CLASS ACTION<br><br>Judge Ronald A. Guzmán |

**DEFENDANTS' (1) OPPOSITION TO PLAINTIFFS'
MOOT AND FRIVOLOUS MOTION TO STRIKE AND (2)
REQUEST TO CANCEL JULY 23, 2009 PRESENTMENT
AND (3) FOR AN AWARD OF RELATED COSTS AND
FEES FOR UNREASONABLE AND VEXATIOUS
MULTIPLICATION OF PROCEEDINGS, BAD FAITH
AND FRIVOLITY**

CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Ave.
Suite 1100
Chicago, Illinois 60604
(312) 660-7600

*Attorneys for Defendants
Household International, Inc.,
William F. Aldinger, David A. Schoenholz
and Gary Gilmer*

Defendants Household International, Inc., William F. Aldinger, David A. Schoenholz and Gary Gilmer (collectively "Household" or "Defendants") respectfully submit this Memorandum in advance of and in opposition to the proposed July 23, 2009 presentment of Plaintiffs' Motion to Strike Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) and Motion for New Trial Pursuant to Rule 59 (Dkt. 1636, 1641).  Plaintiffs' motion, premised on the factually inaccurate claim that "defendants have failed to file any memoranda in support" of their post-trial motions (Pls. Mem. (Dkt. 1641), at 2), is precluded by Defendants' timely filing of the supposedly absent memoranda on July 20, 2009, in compliance with the 60-day schedule set by the Court.  In fact, when Plaintiffs filed their motion to strike and accompanying memorandum on July 20 (Dkt. 1636, 1641), Plaintiffs were fully aware that Defendants' allegedly unfiled memoranda had already been filed (Dkt. 1634, 1635, 1637, 1638, 1640).

Plaintiffs' motion to strike should be stricken and presentment thereof precluded because Plaintiffs' factually unfounded claims of waiver are based solely on an incorrect reading of the Court's instructions, which specified that the briefing schedule would run "subsequent to the ten-day filing" of the actual motions.  (Tr. 4811:5–14)  Plaintiffs' motion to strike is a transparent attempt to avoid dealing with Defendants' well-founded post-verdict motions on their merits.  The "relief" Plaintiffs seek — striking Defendants' timely filed post-trial motions and supporting briefs — would contravene Rules 50 and 59 of the Federal Rules of Civil Procedure, which both specify that such motions may be filed until "10 days after the entry of judgment."  Fed. R. Civ. P. 50(b), 59(b).  Here, where no judgment has yet been entered, granting Plaintiffs' motion to strike would serve no purpose but to delay consideration of the serious and dispositive issues identified in Defendants' motions under Rule 50(b) and Rule 59 and in their memoranda in support thereof — issues which need to be addressed prior to addressing the contours of Phase Two, if any.

Plaintiffs' motion is frivolous, and it should be denied without presentment.  Furthermore, because Plaintiffs refused to withdraw this motion upon Defendants' request (and re-

fused to agree to a briefing schedule), Defendants are entitled to costs in responding to this motion and its presentment for Plaintiffs' vexatious multiplication of the proceedings in violation of 28 U.S.C. §1927.

I. **DEFENDANTS' MEMORANDA IN SUPPORT OF THEIR POST-TRIAL MOTIONS WERE TIMELY FILED, RENDERING PLAINTIFFS' SUBSEQUENT MOTION MOOT**

There can be no serious question of waiver here because the time limitations for post-judgment motions do not begin to run until a separate document setting forth the judgment in compliance with Rule 58 has been entered.[1] *Dunn* v. *Truck World, Inc.*, 929 F.2d 311, 313 (7th Cir. 1991); *Wantanabe Realty Corp.* v. *City of New York*, 2003 WL 22862646, at *5 (S.D.N.Y. Dec. 3, 2003) ("Had judgment been entered, the motion would have been untimely.  As the trial was bifurcated, however, no judgment has yet been entered.  Indeed, the application for a new trial relates only to the liability phase of the case.  In consequence, the motion is timely.") (citing *Dunn*, 929 F.2d at 313); *McCroy ex rel. McCroy* v. *Coastal Mart, Inc.,* 207 F. Supp. 2d 1265, 1270 (D. Kan. 2002), *rev'd on other grounds*, 99 Fed. Appx. 165 (10th Cir. 2004).  In any event, Defendants timely filed their post-trial memoranda 60 days after their motions under Rules 50(b) and 59 were filed, in full compliance with the schedule set by this Court.[2] Defendants relied upon and fully complied with the Court's instruction that the schedule for post-trial briefing would run from May 21, 2009, the date on which Defendants' post-trial motions were filed.  Because Plain-

---

[1] Rule 50(b) states, in relevant part, that "No later than 10 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59."  Rule 59(b) similarly provides that "A motion for a new trial must be filed no later than 10 days after the entry of judgment."

[2] Defendants' motions were filed on May 21, 2009 (Dkt. 1618, 1619), ten days after the jury returned a verdict on Phase One.  The Court granted 60 days subsequent to the filing of those motions for the filing of Defendants' memoranda in support thereof (July 20, 2009), 30 days for Plaintiffs' opposition (August 19, 2009), and 15 days for Defendants' reply (September 3, 2009). (Tr. 4811:15-4812:4)  Plaintiffs make much of the fact that Defendants' Rule 50(b) and Rule 59 motions contained a footnote indicating that their briefs would be filed on July 6.  That offhand reference, which was simply a good-faith mistake, does not somehow "reset" the briefing schedule set by this Court.

tiffs' selective quotation of the May 7 transcript is misleading (Pls. Mem. (Dkt. 1641), at 2–3), for the avoidance of doubt the relevant proceedings are set out in full below:

> MR. KAVALER: . . . I want some guidance from the Court as to what motions you want us to make when.
>
> THE COURT: Well, you're right. What I'm asking you for is a date for motions on the jury verdict. I mean, we also have to, of course, address what we're going to do with the rest of the case. But I think the first step is a date for motions and resolution of any motions on the jury verdict.
>
> MR. KAVALER: You're exactly right. My point simply, your Honor, is there is a jurisdictional ten-day limit which applies to motions directed to a judgment. Since there's no judgment, I don't believe we're under the jurisdictional ten-day limit. So I would be inclined to ask you for 30 days. If your Honor has any doubt about that, however, *we will comply with the requirement that we file the notice of motion and motion within ten days. And then we would ask you* — you have the power to give us up to 60 days for a brief. *We would ask you for the maximum time available for the brief. Separate independent question* —
>
> THE COURT: Well, I think that's what we should do. I think that's what we should do.
>
> MR. KAVALER: Okay.
>
> THE COURT: I'm not going to make a ruling on whether the ten-day period applies in this situation. I have seen arguments both ways on that question. So you can do as you like. *But if you're asking for time subsequent to the ten-day filing* —
>
> MR. KAVALER: *We are, your Honor*.
>
> THE COURT: *I will give you the time*. You're asking for 60 days?
>
> MR. KAVALER: I am, your Honor.
>
> THE COURT: Okay. 60 days. . . .

(Tr. 4810:9–4811:14) (emphasis added)  Hence, the record could not be more clear that Defendants' memoranda were due 60 days *after* the filing of their post-trial motions, which was July 20, 2009. Nor could it be more clear that Plaintiffs' motion is aimed at sidestepping substantive evaluation of the serious questions set forth in Defendants' post-verdict motions.[3] This frivolous gambit is unworthy of the Court's attention.

---

[3] If their claims were legitimate, Plaintiffs would have filed their motion by July 7, as explained below, or would have, at the very least, called Defendants' counsel to inquire about the "missing" memoranda. Plaintiffs offer no explanation why, if they genuinely believed the memoranda should have been

Footnote continued on next page.

It is apparent that Plaintiffs knew Defendants' briefs were due and would be filed on July 20, 2009.  In a telling bit of gamesmanship, Plaintiffs chose not to file their motion to strike on July 6 (the day they claim Defendants' briefing was due), nor did they file it on July 7, or July 8 or any other of the dozen days after that supposed "deadline."  Instead, they lay in wait to file their motion to strike until *after* Defendants began filing their post-trial memoranda on July 20 — clearly the date Plaintiffs likewise calculated the briefs were due. (S*ee*, *e.g.*, Defs. Rule 50(b) Mem. in Support (Dkt. 1634–2); Pls. Mot. to Strike (Dkt. 1636), both filed on July 20, 2009) Plaintiffs' ruse thus allowed them a "free look" at Defendants' memoranda (instead of almost certain delay in the briefing schedule while the Court considered their frivolous motion to strike).  In any event, now that Plaintiffs are in possession of over 170 pages of memoranda detailing the grounds upon which Defendants are entitled to relief under Rules 50(b) and 59, filed pursuant to and in full compliance with the schedule set by the Court, Plaintiffs' assertion that, without supporting memoranda, Defendants' May 21 motions are insufficiently particularized to allow them to prepare a response is entirely moot and no presentment is required or justified.

## II.   PLAINTIFFS' UNREASONABLE CONDUCT WARRANTS THE IMPOSITION OF COSTS, EXPENSES AND ATTORNEYS' FEES

Defendants provided Plaintiffs the opportunity to withdraw their now-moot motion; however, Plaintiffs refused to do so, entitling Defendants to costs under 28 U.S.C. § 1927, which authorizes the imposition of costs, expenses and attorneys' fees for just this kind of unreasonable and vexatious multiplication of proceedings based on frivolous arguments.  During a telephonic meet-and-confer on July 20, 2009 after Plaintiffs filed their motion, counsel for Defendants explained that Plaintiffs' motion was moot given Defendants' timely filing of memoranda earlier that day and confirmed that, pursuant to the Court's instructions, Plaintiffs' responses to Defendants'

---

Footnote continued from previous page.

filed on July 6, they did not either (1) contact Defendants prior to their July 20 filing to ask when the memoranda would be forthcoming, or (2) file their motion on July 7, 8, 9, 10, etc.

-4-

post-trial motions were not due until 30 days after Defendants' supporting memoranda were filed. (Newville Dec. at ¶ 3) Counsel for Plaintiffs refused to withdraw their motion to strike and even refused to agree to a briefing schedule on that motion (Newville Dec. at ¶ 4) — the very purpose of a presentment — notwithstanding Defendants' offer to allow Plaintiffs additional time to respond to Defendants' post-trial motions by permitting Plaintiffs' time to run not from July 20 but from any denial of Plaintiffs' motion to strike. (Newville Dec. at ¶ 6) This pattern of unreasonable conduct entitles Defendants to costs, expenses, and attorneys' fees reasonably incurred because of Plaintiffs' failure to withdraw their motion, rejection of any briefing schedule and insistence on a presentment.

Under 28 U.S.C. § 1927, a court has discretion to award costs, attorneys' fees and expenses as a sanction against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously."[4] *See also Claiborne* v. *Wisdom,* 414 F.3d 715, 721 (7th Cir. 2005) (recognizing district court authority to impose sanctions under 28 U.S.C. §1927 where an attorney "multiplies the proceedings in any case unreasonably and vexatiously"). The filing of a motion may result in the type of multiplication encompassed by § 1927, let alone a motion necessitating travel to Chicago for a pointless presentment. *See Chwarzynski* v. *Tebbens*, No. 07 C 2102, 2008 WL 4210661, at *1 (N.D. Ill. Sept. 10, 2008) (Guzmán, J.) ("The purpose of both Rule 11 and section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.") (citing *Kapco Manufacturing Co., Inc.* v. *C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)); *Iosello* v. *Lawrence*, No. 03 C 987, 2005 WL 2293680, at *3 (N.D. Ill. Sept. 16, 2005) (Guzmán, J.) (Section 1927 sanctions imposed for maintenance of baseless consolidation motion in ongoing litigation). The Seventh Circuit applies an objective standard to determine the question whether conduct is "unreasonable and vexatious."

---

[4] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

*See, e.g.*, *Dal Pozzo* v. *Basic Machinery Co.,* 463 F.3d 609, 614 (7th Cir. 2006) ("'If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'") (quoting *Riddle & Associates, P.C.* v. *Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)).  Both elements are present here.

Plaintiffs' jejune gamesmanship and their needless involvement of the Court in a picayune and manufactured contretemps that they knew was frivolous and moot at the time they filed their motion to strike warrants an award of costs and fees to Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the denial of presentment and consideration of Plaintiffs' moot motion to strike, and request an award of costs, expenses and attorneys' fees under 28 U.S.C. §1927 and this Court's inherent authority to discipline attorneys practicing before it.

Dated:  July 21, 2009

        Respectfully submitted,

        CAHILL GORDON & REINDEL LLP

        By:    /s/ Thomas J. Kavaler
              Thomas J. Kavaler
                Bar No. 1269927
              Howard G. Sloane
                Bar No. 1197391
              Patricia Farren
                Bar No. 1198498
              Susan Buckley
                Bar No. 1198696
              Landis C. Best
              David R. Owen

        80 Pine Street
        New York, New York  10005
        (212) 701-3000

        -and-

EIMER STAHL KLEVORN & SOLBERG LLP
224 South Michigan Ave.
Suite 1100
Chicago, Illinois  60604
(312) 660-7600

*Attorneys for Defendants Household International, Inc., William F. Aldinger, David A. Schoenholz, and Gary Gilmer*

-7-