**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, on Behalf of Itself and All Others Similarly Situated, | ) | Lead Case No. 02-C-5893 (Consolidated) |
| | ) | CLASS ACTION |
| Plaintiff, | ) | Judge Ronald A. Guzmán<br>Magistrate Judge Nan R. Nolan |
| v. | ) | |
| HOUSEHOLD INTERNATIONAL, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MOTION FOR CLARIFICATION OF SPECIAL MASTER REFERRAL IN ACCORDANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 53(b) AND THIS COURT'S JULY 28, 2010 AND FEBRUARY 3, 2012 ORDERS REGARDING RULE 50 MOTIONS**

Defendants Household International, Inc., William F. Aldinger, David A. Schoenholz, and Gary Gilmer (collectively, "Defendants") respectfully submit this motion for clarification of (1) this Court's September 21, 2012, Memorandum Opinion and Order (the "Order") appointing a special master in this matter pursuant to Federal Rule of Civil Procedure 53(b), (Dkt. 1822); and (2) the Court's July 28, 2010, decision striking Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50 (Dkt. 1618) as premature, (Dkt. 1696), and the Court's scheduling Order of February 3, 2012 providing for the submission of Rule 50 motions (Dkt. 1798).

## I. The September 21, 2012 Order

The Order of September 21, 2012 concluded with the appointment of Philip S. Stenger of Stenger & Stenger as special master:

> to identify in accordance with this Order: (1) the claims on which Plaintiffs are entitled to judgment as a matter of law and the amount of each such allowed claim;

> (2) the claims on which Defendants are entitled to judgment as a matter of law; and (3) the claims that must be resolved at trial.

*Id.* at 13.

Defendants respectfully submit that this aspect of the Order appointing Mr. Stenger does not adhere to the procedure or contain the specificity set forth in Federal Rule of Civil Procedure 53(b) and thus respectfully request clarification of the special master appointment in accordance with Rule 53(b). Defendants also respectfully request clarification as to whether the Court intends the assignment to the special master to include the claims issues previously referred to Magistrate Judge Nolan.

**A. The Requirements of Rule 53(b) of the Federal Rules of Civil Procedure**

In addition to requiring that the parties receive notice and an opportunity to be heard on the appointment of a special master, Rule 53(b) requires the provision of the following information in the appointing order:

> (A) the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c);
>
> (B) the circumstances, if any, in which the master may communicate ex parte with the court or a party;
>
> (C) the nature of the materials to be preserved and filed as the record of the master's activities;
>
> (D) the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations; and
>
> (E) the basis, terms, and procedure for fixing the master's compensation under Rule 53(g).

Fed. R. Civ. P. 53(b)(2).

Defendants therefore respectfully request that the Court issue a supplemental order specifying the additional information required by Rule 53(b)(2).

### B. Whether the Special Master is to Address Claims Disputes That Were Previously Referred to Magistrate Judge Nolan

On April 19, 2012, the Court referred Defendants' objections to certain claims included in the report of the claims administrator, Gilardi & Co., LLC, to Magistrate Judge Nolan. (Dkt. 1810.) The Order appointing the special master does not specify whether these claims disputes now fall within the special master's duties. Accordingly, Defendants respectfully request clarification as to whether the special master should also address the objections that were previously referred to Magistrate Judge Nolan on April 19, 2012.

## II. The July 28, 2010 and February 3, 2012 Orders

On July 28, 2010, the Court concluded that Defendants' Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) and Motion for a New Trial Pursuant to Rule 59 were "premature because a judgment cannot be entered until the case concludes." (Dkt. 1696). By Order dated February 3, 2012, the Court stated "[t]hat Defendants will be permitted to raise any objections to Plaintiffs' proposed final judgment, including any issues pursuant to Federal Rule of Civil Procedure 50, which have not previously been ruled upon." (Dkt. 1798). Defendants respectfully request clarification as to whether the Court views this as the appropriate time for Defendants to file Rule 50 motions with respect to any or all of the Plaintiffs, and if so to set a briefing schedule.

Dated: September 28, 2012

Respectfully submitted,

*/s /R. Ryan Stoll*

R. Ryan Stoll
Mark E. Rakoczy
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM
155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700

Patricia Farren
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Household International, Inc., William F. Aldinger, David A. Schoenholz, and Gary Gilmer*

**CERTIFICATE OF SERVICE**

R. Ryan Stoll, an attorney, hereby certifies that on September 28, 2012, he caused true and correct copies of the foregoing Motion for Clarification of Special Master Referral in Accordance With Federal Rule of Civil Procedure 53(b) and this Court's July 28, 2010 and February 3, 2012 Orders Regarding Rule 50 Motions to be served via the Court's ECF filing system on the following counsel of record in this action:

Luke O. Brooks, Esq.
Jason C. Davis, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111

Michael J. Dowd, Esq.
Daniel S. Drosman, Esq.
Spencer A. Burkholz, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Marvin A. Miller, Esq.
Lori A. Fanning, Esq.
MILLER LAW LLC
115 South LaSalle Street, Suite 2910
Chicago, IL 60603

Kay Griffith Hammond, Esq.
STENGER & STENGER, P.C.
2618 East Paris Avenue, S.E.
Grand Rapids, MI 49546

*/s /R. Ryan Stoll*
R. Ryan Stoll