**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSEHOLD INTERNATIONAL, INC., et al.,<br><br>Defendants. | Lead Case No. 02-C-5893 (Consolidated)<br><br><u>CLASS ACTION</u><br><br>Judge Ronald A. Guzman<br>Magistrate Judge Nan R. Nolan |

**<u>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF SPECIAL MASTER REFERRAL</u>**

Lead plaintiffs respectfully submit this response to defendants' motion for clarification of this Court's September 21, 2012 Memorandum Opinion and Order appointing a special master in this matter, the Court's July 28, 2010 decision striking defendants' motion for judgment as a matter of law pursuant to Rule 50 and the Court's February 3, 2012 scheduling order.

1. The September 21, 2012 Order

Lead plaintiffs agree that the Court should consider supplementing its September 21, 2012 Order to clarify the appointment of the special master pursuant to Fed. R. Civ. P. 53(b)(2). On September 26, 2012, Special Master Stenger filed an affidavit indicating that there are no grounds for disqualification pursuant to Fed. R. Civ. P. 53(b)(3)(A) and 28 U.S.C. §455. Therefore, it appears that the time is now ripe for the Court to amend the September 21, 2012 Order to fully adhere to the other requirements of Fed. R. Civ. P. 53(b)(2).

In any amendment to the Order, Lead Plaintiffs request that the Court order defendants to bear the cost of the Special Master's compensation under Fed. R. Civ. P. 53(g)(3). On February 27, 2012, defendants filed their objections to the claims accepted by Gilardi & Co. LLC. Dkt. No. 1800. In their objections, defendants expressly reserved their objections to claims on reliance grounds. Dkt. No. 1800 at 3 n.1 and 5 n.3. Defendants' reliance-based general arguments have now been resolved in plaintiffs' favor by the September 21 Order. Therefore, only defendants' specific objections – some of which have also been resolved – remain. In their February 27 submission, defendants specifically objected, on various grounds, to $850,632,319 in claims, thereby conceding that apart from their now-resolved reliance-based argument and their Rule 50 motions, they have no specific objection to $1,375,352,269 in accepted claims. Thereafter, defendants withdrew all of their specific objections to another $109,398,223 in claims by plaintiffs' count. Dkt. No. 1817. Defendants have since withdrawn all objections to another $6,447,810 in claims through the meet-and-confer process. In short, barring a ruling in defendants' favor on their Rule 50(b) motions, if

any are filed, the judgment can be no less than $1,491,198,302. Undoubtedly, many of defendants' unfounded remaining objections will be overruled as well. Plaintiffs have also requested and will continue to seek an award of prejudgment interest on the claim amounts – resulting in an award that may well exceed $3,000,000,000.

Defendants were found by the jury to have violated the securities laws. Now, their reliance-based objections have been almost entirely rejected. The Court should allocate the costs of the Special Master to defendants pursuant to Fed. R. Civ. P. 53(g)(3) since liability has been established and defendants are responsible for the reference in the first instance. *United States v. City of New York*, 847 F. Supp. 2d 395, 434 (E.D.N.Y. 2012) (allocating costs of Special Master to defendant City of New York, citing the relative responsibility of the parties and noting, "[u]nlike a referral for pre-trial issues, this is a referral where the City's liability has been established, and the only issue left is resolving exactly how many victims the City has and exactly how much the City must compensate those victims").

2. Disputes Referred to Magistrate Judge Nolan

Certain disputes referred to Magistrate Judge Nolan have been resolved by the Court's September 21 Order. In particular, the September 21 Order largely resolves defendants' objections to "Claims with a 'Yes' Answer, or lacking an Answer, to the Proof of Claim Form's Reliance Question." Dkt. No. 1800 at 14, §D. Plaintiffs recognize that the Court may want the Special Master's assistance in identifying the particular claims that fall within each category. In any event, Lead Plaintiffs have no objection to defendants' request that these issues be clarified in a supplemental order under Rule 53.

3. Defendants' 50(b) and 59 Motions

Lead Plaintiffs have no objection to defendants' request for clarification as to whether the Court views this as the appropriate time for defendants to file Rule 50 motions. However, plaintiffs

adamantly oppose any attempt by defendants to raise new arguments regarding the Phase I proceedings beyond those raised in their motion filed on August 3, 2009 and denied as premature by the Court on July 28, 2010. Dkt. No. 1696. Put simply, defendants should not be permitted to start from scratch. At most, the Court should allow defendants to re-file their original motion with a brief supplemental pleading addressing any recent legal authority, if any, that has been issued since they filed their reply brief on September 18, 2009.

DATED: October 2, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
MICHAEL J. DOWD (135628)
SPENCER A. BURKHOLZ (147029)
DANIEL S. DROSMAN (200643)
LAWRENCE A. ABEL (129596)
MAUREEN E. MUELLER (253431)

s/ Michael J. Dowd
MICHAEL J. DOWD

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
LUKE O. BROOKS (90785469)
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

LAW OFFICES OF LAWRENCE G. SOICHER
LAWRENCE G. SOICHER
110 East 59th Street, 25th Floor
New York, NY 10022
Telephone: 212/883-8000
212/355-6900 (fax)

Attorneys for Plaintiff

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, State of California, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 W. Broadway, Suite 1900, San Diego, California 92101.

2. That on October 2, 2012, declarant served by electronic mail and by U.S. Mail to the parties the following documents:

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF SPECIAL MASTER REFERRAL

The parties' e-mail addresses are as follows:

| | |
|---|---|
| TKavaler@cahill.com<br>PSloane@cahill.com<br>PFarren@cahill.com<br>LBest@cahill.com<br>DOwen@cahill.com<br>JHall@cahill.com | Mrakoczy@skadden.com<br>Rstoll@skadden.com<br>Ldegrand@degrandwolfe.com<br>TWolfe@degrandwolfe.com<br>MMiller@MillerLawLLC.com<br>LFanning@MillerLawLLC.com |

and by U.S. Mail to:

Lawrence G. Soicher, Esq.
Law Offices of Lawrence G. Soicher
110 East 59th Street, 25th Floor
New York, NY 10022

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of October, 2012, at San Diego, California.

s/ Deborah S. Granger
DEBORAH S. GRANGER

772305_1