## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5893 | **DATE** | 12/6/2012 |
| **CASE TITLE** | Lawrence E. Jaffe Pension Plan vs. Household International, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court: (1) vacates the portion of its 9/21/12 order dismissing class members' claims of less than $250,000.00 that were submitted by a custodian bank or other third-party filer; (2) gives plaintiffs' counsel until 5/1/13 to issue directly to class members the notice and claim form previously sent to them through a custodian bank or other agent, and gives class members until 6/30/13 to complete and return the claim form; and (3) orders the special master to (a) identify from the claim forms already submitted those for which the answer to the claim form question is, or should be construed as, "no," (b) determine the recoverable loss amount of such claims, both individually and in the aggregate, and (c) submit a report on his findings, so the Court can enter a final judgment on those claims.

■ [ For further details see text below.]                                                            Docketing to mail notices.

---

### STATEMENT

    Among other things, the Court's September 21, 2012 order states that the claims of class members who submitted a claim form but did not answer the claim form question will be dismissed. Plaintiffs contend that the order should not apply to any claim of less than $250,000.00 that was submitted for a class member by a custodian bank or other third-party filer because such class members were never given a chance to answer the question. That is so, because plaintiffs' counsel told the third-party filers, who did not want to tackle the formidable and time-consuming task of identifying the decision makers for each stock transaction, that they should submit the claims forms without getting an answer to the question.

    Counsel made that representation because he believed, though the Court had never said so explicitly, that these class members were excused from answering the reliance question. Unfortunately, the Court simultaneously inferred, though counsel had never said so explicitly, that plaintiffs waived these "smaller" claims. The pleadings, orders and transcripts generated in this case over the last several months provide some support to each inference but definitively support neither.

    Given the confusion, the Court vacates the portion of its September 21, 2102 order dismissing class members' claims of less than $250,000.00 that were submitted by a custodian bank or other third-party filer. Plaintiffs' counsel has until May 1, 2013 to issue directly to class members the notice and claim form previously sent to them through a custodian bank or other agent. These class members have until June 30, 2013 to complete and return the claim form. Class members who do not return the claim form or return it without answering the claim form question will be barred from recovery.

    In the interim, the Court orders the special master to: (1) identify from the forms already submitted the claims for which the answer to the claim form question is, or should be construed as, "no"; (2) determine the recoverable loss amount of such claims, both individually and in the aggregate; and (3) submit a report on his

**STATEMENT**

findings, so the Court can enter a final judgment on those claims.