**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSEHOLD INTERNATIONAL, INC., ET AL.,<br><br>Defendants. | Lead Case No. 02-C-5893 (Consolidated)<br><br>CLASS ACTION<br><br>Judge Ronald A. Guzman |

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, A NEW TRIAL**

Defendants Household International, Inc., William F. Aldinger, David A. Schoenholz, and Gary Gilmer (collectively "Defendants"), respectfully move for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or, in the alternative, a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. In support of this motion, and pursuant to this Court's Order, Doc. 1856, Defendants submit herewith, and expressly incorporate herein, Defendants' Memorandum of Law In Support of Defendants' Renewed Motion For Judgment As A Matter of Law Or, In The Alternative, A New Trial ("Memorandum of Law").

As more fully set forth in the Memorandum of Law incorporated herein, Defendants are entitled to judgment as a matter of law pursuant to Rule 50(b) on multiple grounds, including:

1. Plaintiffs failed to present competent evidence to prove the essential element of loss causation. *See* Memorandum of Law at 5-22. Plaintiffs' "leakage model" failed to establish loss causation as a matter of law for multiple reasons, including: (1) the leakage model failed to identify the misrepresentations alleged to have introduced inflation into Household's Stock Price, *see* Memorandum of Law at 8-11; (2) the leakage model failed to establish a causal connection between an alleged misrepresentation and a loss, *see* Memorandum of Law at 11-16; (3) the leakage model failed to account properly for stock price declines resulting from non-fraud firm-specific factors, *see* Memorandum of Law at 16-20; and (4) the leakage model had numerous additional infirmities that reinforce the model's structural errors, *see* Memorandum of Law at 20-22.

2. The jury's finding that the March 23, 2001 statement introduced the leakage model's sum total of inflation into the stock price precludes, as a matter of law, either materiality or application of the "fraud-on-the-market" presumption of reliance as to other statements. *See* Memorandum of Law at 31-34. Independently, because the jury found that *all* inflation in the market price of Household stock was attributable to the March 23, 2001 statement, but that Defendant Schoenholz was not liable for that statement, Defendant Schoenholz is entitled to judgment as a matter of law. *See* Memorandum of Law at 34.

3. Judgment in Defendants' favor is further required because there was no legally tenable basis for the jury to find the three theories of fraud presented by Plaintiffs—restatement, predatory lending, and re-aging—to be actionable. As a matter of law, the record evidence fails to meet the requisite standards of scienter to sustain a finding of liability in a private securities fraud cause of action. *See* Memorandum of Law at 34-39.

4. Plaintiffs' failure to prove a primary violation of § 10(b) and Rule 10b-5 by any Defendant renders Plaintiffs' § 20(a) claims for controlling person liability against Aldinger and Schoenholz subject to dismissal as a matter of law. *See* Memorandum of Law at 49. Moreover, the evidence was insufficient as a matter of law to support the imposition of § 20(a) liability as to the statements at issue. *See* Memorandum of Law at 49.

\* \* \*

As more fully set forth in the Memorandum of Law incorporated herein, Defendants are, in the alternative, entitled to a new trial pursuant to Rule 59 for numerous reasons, including:

1. The jury's *ad hoc*, partial adoption of Plaintiffs' leakage model resulted in an irrational and unsupported verdict. *See* Memorandum of Law at 22-31. The Jury's finding that a March 23, 2001 statement concerning solely "predatory lending" introduced the leakage model's total sum of inflation into the stock price is legally impossible and foreclosed by the model itself, *see* Memorandum of Law at 25-29, and resulted in a wholly unsupported, irrational verdict, *see* Memorandum of Law at 29-31.

2. The jury instruction on the first element of Plaintiffs' claim misstated the law on this essential element, as the Supreme Court's decision in *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011), now unequivocally establishes. *See* Memorandum of Law at 40-44. This instructional error requires a new trial as a matter of law. *Id.*

3. The jury was improperly instructed on the element of scienter as a consequence of the Court's *sua sponte* and erroneous insertion of a "knew or should have known" standard. *See* Memorandum of Law at 44-46. This instructional error also requires a new trial as a matter of law.

4. The verdict form contained fundamental errors of law, including (1) wrongly excluding Arthur Andersen from the set of those potentially at "fault" for Plaintiffs' losses, thereby rendering the apportionment verdict legally defective, *see* Memorandum of Law at 47-49; and (2) failing to require that § 20(a) liability be assessed with respect to specific statements for which liability was found, thereby rendering the § 20(a) verdict legally deficient, unsupported and irrational, *see* Memorandum of Law at 49-52.

5. The aggregate impact of erroneous evidentiary rulings resulted in an unfair trial. *See* Memorandum of Law at 52-60. The Court erred in admitting prejudicial and unsupported expert testimony, including that of Fischel, Ghiglieri, Cross, and Devor, *see* Memorandum of Law at 52-57; and Plaintiffs misused hearsay evidence for improper substantive purposes and improperly circumvented exclusion orders, *see* Memorandum of Law at 58-60. These evidentiary errors require a new trial.

6. The Phase II proceedings deprived Defendants of the right to a proper adjudication on the essential element of reliance. *See* Memorandum of Law at 61-65. The limited discovery permitted as to certain claimants in Phase II demonstrated a lack of reliance, *see* Memorandum of Law at 62-64; and the Phase II proceedings improperly constrained Defendants from a full and fair opportunity to rebut the presumption of reliance, *see* Memorandum of Law at 64-65.

For the foregoing reasons, and for those set forth more fully in the Memorandum of Law incorporated herein, the Court should resolve all claims in Defendants' favor and grant Defendants' Renewed Motion for Judgment as a Matter of Law. In the alternative, because the jury's verdict was irreconcilably inconsistent, numerous judicial errors individually and

cumulatively deprived Defendants of a fair trial, and a verdict for Plaintiffs was against the weight of the evidence, the Court should grant Defendants' Motion for a New Trial.

Dated: July 30, 2013

                                                 */s/ Paul D. Clement*
                                                 Paul D. Clement
                                                 BANCROFT PLLC
                                                 1919 M. Street, NW
                                                 Washington, DC 20036

                                                 R. Ryan Stoll
                                                 Mark E. Rakoczy
                                                 SKADDEN, ARPS, SLATE,
                                                   MEAGHER & FLOM
                                                 155 North Wacker Drive
                                                 Chicago, IL 60606
                                                 (312) 407-0700

                                                 Thomas J. Kavaler
                                                 Patricia Farren
                                                 Jason M. Hall
                                                 CAHILL GORDON & REINDEL LLP
                                                 80 Pine Street
                                                 New York, NY 10005
                                                 (212) 701-3000

                                                 *Attorneys for Defendants Household*
                                                 *International, Inc., William F. Aldinger,*
                                                 *David A. Schoenholz, and Gary Gilmer*

## CERTIFICATE OF SERVICE

Paul D. Clement, an attorney, hereby certifies that on July 30, 2012, he caused true and correct copies of the foregoing Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial to be served via the Court's ECF filing system on the following counsel of record in this action:

> Michael J. Dowd, Esq.
> Daniel S. Drosman, Esq.
> Spencer A. Burkholz, Esq.
> ROBBINS GELLER RUDMAN & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> Marvin A. Miller, Esq.
> Lori A. Fanning, Esq.
> MILLER LAW LLC
> 115 South LaSalle Street, Suite 2910
> Chicago, IL 60603

*/s/ Paul D. Clement*
Paul D. Clement