# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HOUSEHOLD INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　　Defendants. | Lead Case No. 02-C-5893<br>(Consolidated)<br><br><u>CLASS ACTION</u><br><br>Judge Ronald A. Guzman |

## NOTICE OF HEARING REGARDING:

## (A) LEAD COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES; AND

## (B) LEAD PLAINTIFFS' APPLICATION FOR AN AWARD OF EXPENSES

TO: ALL PERSONS IDENTIFIED IN EXHIBIT A TO THE JUDGMENT ENTERED ON OCTOBER 17, 2013 WHO SUBMITTED CLAIMS PURSUANT TO THE NOTICE OF VERDICT IN FAVOR OF PLAINTIFF CLASS AND AGAINST HOUSEHOLD INTERNATIONAL, INC., WILLIAM ALDINGER, DAVID SCHOENHOLZ, AND GARY GILMER DATED JANUARY 11, 2011.[1]

THIS NOTICE HAS BEEN SENT TO YOU PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND AN ORDER OF THIS COURT. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.

I.  PRIOR PROCEEDINGS

A trial in the *Lawrence E. Jaffe Pension Plan v. Household International, Inc., et al.*, Lead Case No. 02-C-5893 (the "Litigation") commenced on March 30, 2009 against Defendants Household International, Inc., William Aldinger, David Schoenholz and Gary Gilmer (collectively, the "Trial Defendants") on behalf of all purchasers of Household stock from July 30, 1999 through October 11, 2002. On May 7, 2009, the jury rendered a verdict in the case. The jury found that the Trial Defendants did not violate the federal securities laws for statements made during the time period of July 30, 1999 through March 22, 2001. Plaintiffs do not intend to appeal this determination. For persons or entities who purchased Household common stock during that time frame only, there is no recovery. The jury found that the Trial Defendants did violate the federal securities laws for public statements regarding Household made in connection with purchases of

---

[1] To confirm that your claim has been allowed, you may access the Judgment, including Exhibit A, at the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or on the internet at www.householdfraud.com.

- 1 -

882786_1

Household common stock from March 23, 2001 through October 11, 2002. The jury also determined per share damages for each trading day during this period.

## II. SUBMISSION OF CLAIMS FOR DAMAGES BY CLASS MEMBERS AND POST-TRIAL PROCEEDINGS

On January 11, 2011, a notice was approved by the Court and, thereafter, sent to potential class members informing them of the verdict and of their rights to make a claim for damages. As of December 22, 2011, the Court-appointed claims administrator, Gilardi & Co. LLC ("Gilardi"), had received 80,112 claims submitted by potential class members. Gilardi completed its review of submitted claims on December 22, 2011. Relying on the Court's prescribed method of calculating allowed losses, Gilardi determined that there are 45,921 claims that generate an allowed loss. The aggregate loss amount for these 45,921 claims, according to Gilardi's computation, is $2,225,884,588.31. Gilardi submitted a report to the Court on December 22, 2011 identifying the claims that Gilardi recommends for rejection, as well as the claims that Gilardi believes generate an allowed loss.

As to the 45,921 claims that Gilardi believes generate an allowed loss, the Court ordered Defendants to file any objections to the claims in terms of (a) calculation of the amount; (b) submission of the claim without proper authority of the actual class member; or (c) incompleteness, duplication of another claim or some mechanical deficiency in the claim submission itself on or before February 27, 2012. On March 28, 2012, Plaintiffs responded on behalf of the class members to Defendants' objections. The parties and the Court have resolved these ministerial objections, to the extent any were lodged, to your claim.[2]

---

[2] The parties are continuing to litigate Defendants' objections to approximately 29,000 additional claims in ongoing proceedings before the Special Master.

- 2 -

882786_1

On October 4, 2013, the Court entered an Order denying Defendants' post-trial motions for judgment as a matter of law and for a new trial. The Court also ordered that Defendants pay class members prejudgment interest beginning on October 11, 2002 until the entry of the Judgment. On October 17, 2013, the Court entered judgment in favor of 10,902 class members with claims valued at $1,476,490,844.21. The Court also awarded prejudgment interest of $986,408,772 in favor of these class members. The total amount of this judgment is $2,462,899,616.21. The Judgment, dated October 17, 2013, identifies the 10,902 class members by claimant name and claim number. If you wish to confirm that your claim has been allowed, you may access the Judgment at the Office of the Clerk of Court or on the internet at www.householdfraud.com.

Defendants have indicated that they intend to appeal the judgment to the Court of Appeals for the Seventh Circuit.

### III. STATEMENT OF FEES AND EXPENSES SOUGHT

At the hearing described below, counsel for the Lead Plaintiffs will make an application for fees and expenses. Lead Plaintiffs' Counsel will file materials in support of this application on or before _____, 2013. In this application, Lead Plaintiffs' Counsel will seek a fee not to exceed 25% of the ultimate total recovery, if any, on behalf of class members identified in Exhibit A to the Judgment, and expenses not to exceed $15,500,000.00. The amount of attorneys' fees ultimately paid to Lead Plaintiffs' Counsel is subject to approval of the Court. Any such sum that is awarded by the Court will be paid from the amounts ultimately recovered in connection with the claims of the class members identified in Exhibit A to the Judgment entered on October 17, 2013. In addition, the three Lead Plaintiffs may seek up to a total of $75,000.00 for their time and expenses incurred in prosecuting the Litigation. Lead Plaintiffs' Counsel may seek additional fees and/or expenses from the amounts ultimately recovered on behalf of class members whose claims are currently being disputed by Defendants.

The Litigation has been pending for more than eleven years, and, to date, Lead Plaintiffs' Counsel have neither received any payment for their services in prosecuting the Litigation on behalf of the Lead Plaintiffs and the Class, nor have Counsel been paid their expenses. The fee requested by Lead Plaintiffs' Counsel will compensate counsel for their efforts in the Litigation, and for their risk in undertaking this representation on a wholly contingent basis.

### IV. NOTICE OF HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

A Hearing ("Hearing") will be held on _____, 2014, at __:__ _.m., before the Honorable Ronald A. Guzman, United States District Judge, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At the Hearing, the Court will be asked to determine whether the application by Lead Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved and the time and expenses of Lead Plaintiffs paid. At the Hearing, the Court will also consider any objections to the application by any class member identified in Exhibit A to the October 17, 2013 Judgment. The Court may adjourn or continue the Hearing without further notice to you, other than by oral announcement at the time scheduled for the Hearing or at any later hearing.

You are further advised that Defendants intend to appeal from the October 17, 2013 Judgment. If Defendants' appeal is denied or dismissed, Lead Plaintiffs' Counsel and Lead Plaintiffs may seek additional expenses, incurred after the date of this Notice from any recoveries.

### V. THE RIGHT TO BE HEARD AT THE HEARING

Any class members identified in Exhibit A to the October 17, 2013 Judgment who objects to the application for attorneys' fees and expenses, or for payment to the Lead Plaintiffs for their time and expenses, may appear and be heard at the Hearing. Any such person must file with the Court a

written notice of objection and all pleadings or other papers in support thereof, such that they are filed with the Court at the address below on or before _____, 2014 and *postmarked* and sent on or before _____, 2014, to each of the following:

*Court*:

CLERK OF THE COURT
United States District Court for the
Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Lead Counsel for Plaintiffs*:

ROBBINS GELLER RUDMAN & DOWD LLP
MICHAEL J. DOWD
SPENCER A. BURKHOLZ
DANIEL S. DROSMAN
655 West Broadway, Suite 1900
San Diego, CA 92101

*Lead Counsel for Defendants*:

CAHILL, GORDON & REINDEL
80 Pine Street
New York, NY 10005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, IL 60606-1720

The notice of objection must state that it relates to *Jaffe v. Household, et al.*, set forth the objecting person's name, the claim number assigned by Gilardi to his, her or its claim, and contain a statement of the reasons for objection. Only claimants who have submitted written notices of objection in this matter will be entitled to be heard at the Hearing, unless the Court orders otherwise.

VI. **SPECIAL NOTICE TO BROKERS, THIRD-PARTY FILERS AND OTHER NOMINEES**

If you are a broker, third-party filer, or other nominee who submitted a claim for someone other than yourself and you want that claimant to receive this notice directly, you must make that request by writing to Gilardi & Co., LLC, 3301 Kerner Blvd., San Rafael, CA 94901 on or before _____ [date ten days after Gilardi mails the Notice – to be inserted by plaintiffs]

## VII. EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the matters to be considered at the Hearing. For full details of the matters discussed in this Notice, you may review additional documents and materials relating to the Litigation in general and the fee and expense application during business hours at the office of the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or at www.gilardi.com or www.householdfraud.com.

If you have any questions about the Litigation or the application for attorneys' fees and expenses, you may contact Lead Plaintiffs' Counsel by writing:

ROBBINS GELLER RUDMAN & DOWD LLP
MICHAEL J. DOWD
SPENCER A. BURKHOLZ
DANIEL S. DROSMAN
655 West Broadway, Suite 1900
San Diego, CA 92101

or calling a representative of Lead Plaintiffs' Counsel, Michael J. Dowd at 800/449-4900.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2013      BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  NORTHERN DISTRICT OF ILLINOIS