UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HOUSEHOLD INTERNATIONAL, INC., et al.,<br><br>Defendant. | No. 02 C 5893<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Entry of Bill of Costs, which requests that Defendants reimburse Plaintiffs for $623,257.78 in litigation expenses pursuant to 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d); and Local Rule 54.1. For the reasons stated below, the Court authorizes $296,482.32 of Plaintiffs' costs:

| | Costs requested by Plaintiffs | Costs awarded by Court |
|---|---|---|
| Fees for service of summons and subpoena | $1,320.00 | $1,320.00 |
| Fees for printed and electronically recorded transcripts | $182,024.27 | $182,024.27 |
| Fees for witnesses | $17,225.13 | $10,996.13 |
| Fees for exemplification and the cost of making copies | $184,235.82 | $79,219.57 |
| Compensation of court-appointed Special Master | $22,922.35 | $22,922.35 |
| Costs of conducting legal research | $215,530.21 | 0 |
| **Total** | **$623,257.78** | **$296,482.32** |

**A. Background**

On October 17, 2013, the District Court entered a final judgment against Defendants in this case in the amount of $2,462,899,616.21. (Dkt. 1898). On December 16, 2013, Plaintiffs filed their Motion for Entry of Bill of Costs (Dkt. 1954) seeking qualified litigation expenses in the amount of $623,257.78, as described below:

1. Fees for service of summons and subpoenas;
2. Fees for printed and electronically recorded transcripts;
3. Fees for deposition and trial witnesses;
4. Fees for exemplification and the cost of making copies;
5. Compensation of the court-appointed Special Master; and
6. Costs of conducting legal research.

Defendants object to Part 6 of the proposed bill of costs on the grounds that legal research expenses are not recoverable under the relevant rules. Defendants also urge the Court to carefully scrutinize Plaintiffs' proposed bill of costs as "issues arise as to the sufficiency of the documentary support Plaintiffs have submitted to the Court." (Dkt. 1973 at 2).

**B. Recovery of electronic legal research fees**

The Court first must determine if Plaintiffs are entitled to recover $215,530.21 in costs related to computerized legal research. Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party," and 28 U.S.C. § 1920 specifies the type of costs that may be recovered under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Those costs are: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Defendants argue that legal research expenses cannot be recovered as "costs" under Section 1920, and would instead be compensable only on a motion for attorney fees. Plaintiffs disagree, arguing that the Court's discretion under Section 1920 is broad enough to include electronic legal research expenses in an award of costs.

In *Haroco, Inc. v. Am. Nat'l Bank,* 38 F.3d 1429 (7th Cir. 1994), the Seventh Circuit declared that computerized legal research costs could not be made part of a § 1920 award because computerized legal research essentially streamlines or replaces book-based legal research, which is traditionally categorized as "legal fees" rather than costs:

> Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries. In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently. If this research had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs.

*Id.* at 1440 (reducing District Court's § 1920 award by $30,439.57).

More recently, without much analysis or explanation, the Seventh Circuit allowed costs for computerized research under § 1920: "Mr. Little contends that the award of costs for copies, computerized research, summonses, subpoenas, delivery services and a video-recorded deposition are not authorized by 28 U.S.C. § 1920. We disagree. All of the above costs are authorized by § 1920." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699 (7th Cir. 2008). The same year, in *Tchemkou v. Mukasey,* 517 F.3d 506 (7th Cir. 2008), the Seventh Circuit reiterated the rule that computerized legal research expenses are properly categorized as attorney fees rather than costs under Section 1920: "[T]his court has construed section 1920 to include amounts spent on filing fees, postage, telephone calls and delivery charges, and has held that costs of computerized legal research are recoverable as part of an attorney-fee award." *Id.* at 513 (internal citations omitted). In light of the more specific holdings in *Haroco* and *Tchemkou*, the Court finds the Seventh Circuit's statements in *Little* to be non-controlling. Thus, the Court sustains Defendants' objections to the inclusion of computerized legal research in Plaintiffs' Bill of Costs.

**C. Sufficiency of Documentary Support for Other Cost Categories**

Plaintiffs seek five other categories of costs: (1) Fees for service of summons and subpoenas - $1,320.00; (2) Fees for printed and electronically recorded transcripts - $182,024.27; (3) Fees for deposition and trial witnesses - $17,225.13; (4) Fees for exemplification and the cost of making copies - $184,235.82; and (5) Compensation of the court-appointed Special Master - $215,530.21. Defendants do not object to the

recoverability of those costs, but they "suggest that the Court must carefully consider" Plaintiffs' proposed bill of costs to ensure that proper documentary support has been provided. (Dkt. 1973 at 6).

Costs are recoverable only if (1) the expenses are allowed under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). The Court will review each of Plaintiffs' claimed costs in turn.

### (1) Fees for service of summons and subpoenas - $1,320.00

A prevailing party may recover costs associated with service of summons and subpoenas, so long as it is clear what has been served and to whom, the service was necessary for the litigation, and the service costs do not exceed the fee that would be charged by the U.S. marshal service. *Collins v. Gorman,* 86 F.3d 1057 (7th Cir. 1996). Plaintiffs have satisfied those requirements with detailed documentation attached to their proposed bill of costs. (Dkt. 1913-2). Thus, they are entitled to recover $1,320 in fees for service of summons and subpoenas.

### (2) Fees for transcripts - $182,024.27

A prevailing party may also recover costs associated with the preparation and printing of necessary transcripts. 28 U.S.C.A. § 1920(2). Costs associated with videotaping a deposition may be included. *Jacobs v. Univ. of Wisconsin Hosp. & Clinics,* 12 Fed. Appx. 386, 389 (7th Cir. 2001). Plaintiffs have provided sufficient documentation showing reasonable costs associated with the many depositions conducted in this case (court reporter fees, videographer fees, and transcription

expenses). (Dkt. 1913-2). Thus, they are entitled to recover $182,024.27 in fees for printed or electronically recorded transcripts.

### (3) Fees for deposition and trial witnesses - $17,225.13

Section 1920(3) also provides authority for awarding "fees and disbursements for … witnesses." Allowable costs including witness fees, mileage, and subsistence allowances, so long as the Court determines that the witness's testimony was relevant to an issue in the case. 28 U.S.C. §§ 1920(3), 1821.

In this case, Defendants take particular issue with costs claimed for trial witness Elaine Markell. Ms. Markell traveled from her home in Rome, Italy to Chicago, Illinois to testify at trial, incurring $6,936.98 in airfare costs, $4,715.05 in hotel costs, $609.00 in meal costs, and $145 in taxi costs. 28 U.S.C.A. § 1821 provides that witnesses shall be paid an "attendance fee" of $40 per day for each day they appear at trial, as well as "actual expenses of travel on the basis of the means of transportation reasonably utilized … at the most economical rate reasonably available" and a "subsistence allowance" for over-night stays not to exceed the General Service Administrations per diem rate for that geographic location ($157/night for lodging and $64/night for meals and incidental expenses at the time of trial in the city of Chicago).[1] 28 U.S.C.A. § 1821(c)(1).

Ms. Markell's total expenses, amounting to over $12,000, are clearly in excess of what § 1821 allows as taxable costs. Without some explanation by Plaintiff, the Court cannot conclude that her $6,936.98 airfare was the "most economical rate

---

[1] U.S. General Services Administration website, http://www.gsa.gov/portal/category/100120 (last visited March 19, 2014).

reasonably available"; and, although Plaintiffs do not specifically state how many days she was in town, her lodging and meal expenses certainly exceeded the GSA's per diem rates. In apparent recognition of Ms. Markell's less-than-thrifty travel expenses, Plaintiffs seek taxable costs for Ms. Markell in the reduced amount of $7,000 (Dkt. 1974 at 2), which would cover about 53 percent of the $13,229 in expenses originally claimed in Plaintiff's' proposed bill of costs. The Court finds that downward departure to be reasonable. The Court also finds that, as for the other witnesses, Plaintiffs have accurately calculated necessary witness costs in accordance with 28 U.S.C. § 1821, and provided proper documentation for all expenses (Dkt. 1913-2). Thus, applying the $6,229 discount for Ms. Markell's expenses to the $17,225.13 total claimed for witnesses in Plaintiffs' proposed bill of costs, the Court finds that Plaintiffs are entitled to recover $10,996.13 for witnesses.

**(4) Fees for exemplification and copies - $184,235.82**

Plaintiffs request a total of $184,235.82 for exemplification and copying. A prevailing party is entitled to recover costs associated with making only necessary copies. Among the types of copying this Court has found to be unnecessary are copies made for a party's own convenience, redundant copies of filed papers, and copies of documents for production in discovery beyond what is required for the opposing party or the Court. *Haroco,* 38 F.3d at 1441; *Young v. City of Chicago,* No. 00 C 4478, 2002 WL 31118328, at *2 (N.D. Ill. Sept. 24, 2002). If the Court cannot tell from a proposed bill of cost what was being copied, the Court cannot authorize

reimbursement. *Collins v. Gorman,* 96 F.3d 1057, 1058 (7th Cir. 1996) (vacating cost award where proposed bill of costs was vague).

In this case, Plaintiffs seek recovery for copying costs as described by the chart below. A large share of the costs they seek are described as "Payments to Cahill Gordon for copying charges." Cahill Gordon is presumably an outside vendor that provides duplication services. Plaintiffs provide the Court with nondescriptive invoices from Cahill Gordon and letters evincing Plaintiffs' payment of those invoices, but do not include documentation that might reveal what was being copied, for what purpose, in what quantity, and for what price. Plaintiffs' counsel Karen Cook's affidavit is similarly nondescriptive: "Plaintiffs paid Cahill Gordon & Reindel $19,278.05 in reimbursement for Federal Express shipping charges and paid Cahill Gordon $51.36, and $85,686.84 as reimbursement for copying charges." (Dkt. 191301 at 3). Thus, the Court cannot make a finding as to necessity, and cannot authorize those costs. Plaintiffs are not entitled to recover costs associated with payments made to Cahill Gordon, but may recover costs in the amount of $79,219.57 for other necessary copying costs.

| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | | |
|---|---|---|
| Pleadings/filings | 42,315 pages x $.25 | $10,578.75 |
| Trial exhibits page count | 43,385 pages x 3 copies = 130,155 pages x $.25 | $32,538.75 |
| Trial demonstratives | 182 pages x 3 copies = 546 pages x $.25<br>Merrill Communication LLC's charges for demonstratives | $136.50<br>$1551.82 |
| Deposition exhibit page count | 43,892 pages x 3 copies = 131,676 pages x $.25 | $32,919 |

| Plaintiffs' documents produced to defendants | 5,979 pages produced x $.25 | $1,494.75 |
|---|---|---|
| Payments to Cahill Gordon for copying charges | $19,278.05<br>$85,686.84<br>$51.36 | $105,016.25 |
| **TOTAL** | | **$184,235.82** |

**(5) Compensation of the court-appointed Special Master - $22,922.35**

Finally, Plaintiffs seek recovery of the share of compensation they paid to Court appointed special master, Phillip S. Stenger. Section 1920(6) expressly allows for inclusion of that type of expense in a prevailing parties' bill of cost. Thus, the Court authorizes costs in the amount of $22,922.35 for compensation paid to the special master.

**D. Conclusion**

For the above reasons, the Court grants in part and denies in part Plaintiffs' Motion for Entry of Bill of Costs, resulting in a total award of $296,482.32.

E N T E R:

Dated: March 20, 2014

*[signature: Mary M Rowland]*

MARY M. ROWLAND
United States Magistrate Judge