# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, </br></br> Plaintiff, </br></br> vs. </br></br> HOUSEHOLD INTERNATIONAL, INC., et al., </br></br> Defendants. | Lead Case No. 02-C-5893 </br> (Consolidated) </br></br> <u>CLASS ACTION</u> </br></br> Honorable Jorge L. Alonso |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT
OF MOTION TO STRIKE EXPERT REBUTTAL REPORTS OF
<u>ALLEN FERRELL, CHRISTOPHER JAMES AND BRADFORD CORNELL</u>**

1104245_1

## I. INTRODUCTION

Plaintiffs respectfully move the Court for an Order striking the Expert Rebuttal Reports of Allen Ferrell, Christopher James, and Bradford Cornell. The three "rebuttal" reports, filed on December 21, 2015 ("December 21 Reports") (Dkt. Nos. 2074-2, 2074-3, and 2074-4) along with defendants' reply brief in support of their *Daubert* motion to exclude Professor Fischel (Dkt. No. 2073), violate this Court's September 8, 2015 Order ("September 8 Order") (Dkt. No. 2042) which allowed defendants to serve expert rebuttal reports only in the event that "plaintiffs provided an alternative loss-causation model in their rebuttal report." September 8 Order at 6. Since Fischel did not provide a new loss causation model in his rebuttal report, defendants were not permitted to serve rebuttal reports from their three new experts. In addition to violating the September 8 Order, the December 21 Reports contain opinions and analysis that should have been included in the experts' initial reports. Accordingly, Ferrell, James and Cornell's rebuttal reports should be stricken in their entirety.

## II. ARGUMENT

The September 8 Order set the following schedule for supplemental expert reports and the *Daubert* motion:

**September 23, 2015** – Plaintiffs serve Dr. Fischel's supplemental report.

**October 23, 2015** – Defendants (1) file a *Daubert* motion, if appropriate, explaining the perceived flaws in Dr. Fischel's analysis with respect to "firm-specific, nonfraud related information" and any other flaws that they perceive in his analysis that were not raised before and rejected by Judge Guzmán; and (2) serve their expert report responding to Dr. Fischel's supplemental report and, if appropriate, identifying "some significant, firm-specific, nonfraud related information that could have affected the stock price." *Id.*

**November 23, 2015** – Plaintiffs (1) file their response to the *Daubert* motion with respect to Dr. Fischel, if any; and (2) serve their expert report in rebuttal to defendants' expert report, which, if appropriate, "account[s] for the specific information [identified by defendants] or provid[es] a[n] [alternate] loss-causation model." *Id.*

- 1 -

**December 21, 2015** – Defendants (1) file a reply in support of their *Daubert* motion with respect to Dr. Fischel, if any; and (2) if plaintiffs provided an alternate loss-causation model in their rebuttal report, serve their expert's rebuttal to that report.

**January 20, 2016** – Expert depositions are completed.

September 8 Order at 6.

In accordance with the schedule, plaintiffs served Fischel's supplemental report regarding firm-specific, non-fraud related information on September 23, 2015. On October 23, 2015, defendants, as permitted by the September 8 Order, filed a *Daubert* motion in which they argued that there were flaws in Dr. Fischel's analysis with respect to "firm-specific, nonfraud related information," as well as a handful of other arguments (including some arguments raised before and rejected by Judge Guzmán). At that time, defendants also served their expert reports responding to Professor Fischel's supplemental report, attempting to identify "some significant, firm-specific, nonfraud related information that could have affected the stock price." *Id.*[1] On November 23, 2015, plaintiffs, again pursuant to the express terms of the September 8 Order, filed their response to the *Daubert* motion with respect to Professor Fischel and served Fischel's rebuttal report which, "account[s] for the specific information [identified by defendants]." Although permitted to do so, Fischel's rebuttal report did not "provid[e] a[n] [alternative] loss-causation model." *Id.* On December 21, 2015, defendants were allowed to "(1) file a reply in support of their *Daubert* motion with respect to Dr. Fischel, if any; and (2) ***if plaintiffs provided an alternate loss-causation model in their rebuttal report, serve their expert's rebuttal to that report***." *Id.* (emphasis added). Thus, only if Fischel introduced an alternative damages model in his November 23, 2015 report were defendants' experts allowed to provide a second report.

---

[1] In the October 23, 2015 filings, defendants abandoned their loss causation and damages expert from the first trial, Dr. Mukesh Bajaj, and now seek to replace him with three new experts. Defendants' attempt to switch experts is the subject of Plaintiffs' Motion to Preclude Defendants from Substituting New Experts, filed on November 24, 2015. Dkt. Nos. 2068, 2070.

Fischel did not provide an alternative damages model in his November 23, 2015 report. In fact, in his September 23, 2015 report, Fischel explained that there was *no* non-fraud information specific to Household that distorted either his original leakage model *or* his original specific disclosure model. Defendants' experts had their opportunity to respond to Fischel's opinions on both his specific disclosure and leakage models in their October 23, 2015 reports. And defendants' three new experts did so in those initial responsive reports. There is simply no basis for defendants' experts to submit additional rebuttal reports.

Incredibly, in their December 21 Reports, each of defendants' experts admits that they are not responding to any alternative damage model in Fischel's November 23, 2015 Second Rebuttal Report, but rather are just responding to Fischel's criticism of their October 23, 2015 reports. *See* Ferrell's December 21, 2015 report at page 4, ¶7 ("I have been asked by counsel for Household to assess Professor Fischel's Second Rebuttal Report's response to my Initial Report and whether it properly accounts for significant firm-specific, nonfraud information."); James' December 21, 2015 report at page 3, ¶5 ("I have been asked by counsel for Defendants to respond to the assertions regarding my Initial Report discussed in Fischel's Second Rebuttal Report."); and Cornell's December 21, 2015 report at page 3, ¶3 ("I have been asked by counsel for Defendants to review and respond to the Second Rebuttal Report of Daniel R. Fischel dated November 23, 2015.").

Defendants' attempts to get a fourth, fifth and sixth bite at the apple clearly violate the Court's order. Although most of the opinions and analyses in the December 21 Reports are repetitive of their October 23 reports, there are also some new opinions and analysis that should have been part of defendants' October 23 filing. For example, Ferrell and James both challenge Fischel's unchanged models in various new ways:

- Ferrell has now submitted a "corrected Fischel regression" that uses different inputs than Fischel used (including a new index) to purportedly find fewer statistically significant dates than the 14 dates in Fischel's Specific Disclosures Model.

- 3 -

1104245_1

- In Ferrell's October 23, 2015 report, he identified four non-statistically significant days that supposedly were impacted by non-fraud news. Now, in his December 21, 2015 report, based on his new analysis, he identifies 10 additional dates.

- Ferrell has a new "structural break" argument to support his "corrected Fischel Regression" analysis.

- Ferrell and James now challenge the "estimation period" used by Professor Fischel.

- Ferrell has a brand new inflation per share analysis of $0.52 to $4.19; previously none of defendants' experts, old or new, had attributed even a single penny of artificial inflation to the fraud.

- Defendants' experts prepared new exhibits that should have been included in their October 23, 2015 reports.

All of this new analysis is improper under the Court's Order. First, the Order allowed defendants to submit additional reports only if Fischel produced an alternative loss-causation model. Although the rebuttal reports plainly are not permitted by the September 8 Order, defendants did not seek leave to file the reports and have provided no reason why they should be permitted.

Second, the experts' new analysis should have, and could have, been included in the October 23 reports. There were no changes to Fischel's regression and peer index between his September 23 and November 23 reports; these features of Fischel's event study have remained constant throughout the case and are the same as they were before and during the first trial. Thus, if Ferrell's opinion is that the "corrected Fischel regression," and not Fischel's regression, is appropriate, he should have disclosed that analysis in October when his report was due. Additionally, if Ferrell and James believe that Fischel's estimation period – which he has used consistently since his first report more than seven years ago – was wrong, they should have pointed that out in October. Likewise, Ferrell should have disclosed in the October 23 report his opinion that there are 10 additional days on which he believes company-specific nonfraud news "may have" impacted Household's stock price, even in the absence of a statistically significant price reaction. After all, one of the express purposes of that report was to identify "some significant, firm-specific,

- 4 -

nonfraud related information that could have affected [Household's] stock price." Ferrell October 23 report, ¶14. Furthermore, there was no valid basis for Ferrell to conceal his opinion that the fraud caused $0.52 to $4.19 of artificial inflation until after Fischel and plaintiffs' opportunity to respond had passed. The questions of whether the fraud caused artificial inflation and how much it caused are fundamental loss causation opinions that should have been in the initial report, not on rebuttal. Finally, in addition to the new analysis, defendants' experts add additional attacks previously made by defendants' expert Bajaj towards Fischel's models (but not included in the new experts' October 23 reports), which were already rejected by Judge Guzmán. *See* Bajaj report at 79-82, and n.318 (Dkt. No. 2070-2) (attacking Fischel's estimation period, model, and index used). These too could have and should have been included in the original reports. Indeed, Bajaj raised them (and the Court rejected them) more than six years ago.

  The Court's current scheduling order provides for plaintiffs to file any motions to exclude the testimony of defendants' new experts at a later date (as part of the Pretrial Order Submission pursuant to the Court's Local Rules). If the Court denies plaintiffs' November 24 motion to preclude defendants from substituting in the three new experts, plaintiffs will file motions to exclude some or all of each defendant's expert testimony at that time. However, since these three additional reports are submitted in the context of defendants' motion to exclude Fischel's testimony, the December 21 Reports should be stricken as a violation of the Court's order. It is patently unfair to allow defendants' experts to submit new opinions and analysis in their December 21 Reports that should have been set forth in their October 23, 2015 reports. Defendants' gamesmanship – designating three new experts, offering six new reports, and offering new analyses of alleged "flaws" which were rejected in 2009 – has gone too far. Fischel offered no "alternate loss causation model" and defendants' experts' "rebuttal" reports should be stricken.

### III. CONCLUSION

For the foregoing reasons, the December 21 Reports should be stricken.

DATED: January 6, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD (135628)
SPENCER A. BURKHOLZ (147029)
DANIEL S. DROSMAN (200643)
LUKE O. BROOKS (90785469)
LAWRENCE A. ABEL (129596)

s/ Luke O. Brooks
LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

- 6 -

- 7 -

        MILLER LAW LLC
        MARVIN A. MILLER
        LORI A. FANNING
        115 S. LaSalle Street, Suite 2910
        Chicago, IL  60603
        Telephone:  312/332-3400
        312/676-2676 (fax)

Liaison Counsel

1104245_1

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record denoted on the attached Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 6, 2016.

                                             s/ Luke O. Brooks
                                             LUKE O. BROOKS

                                             ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101-8498
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)

                                             E-mail:  lukeb@rgrdlaw.com

1104245_1

*Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill. )
Service List

| Counsel | E-mail address |
|---|---|
| Stewart Theodore Kusper<br>Giovanni Antonio Raimondi<br>THE KUSPER LAW GROUP, LTD.<br>20 North Clark Street, Suite 3000<br>Chicago, IL 60602<br>(312) 204-7938<br><br>Tim S. Leonard<br>JACKSON WALKER L.L.P.<br>1401 McKinney Street, Ste. 1900<br>Houston, TX 77010<br>(713)752-4439 | Stewart.Kusper@Kusperlaw.com<br>Giovanni.Raimondi@Kusperlaw.com<br>tleonard@jw.com |
| Counsel for Defendant David A. Schoenholz ||
| Dawn Marie Canty<br>Gil M. Soffer<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street<br>Chicago, Illinois 60661<br>(312)902-5253 | dawn.canty@kattenlaw.com<br>gil.soffer@kattenlaw.com |
| Counsel for Defendant William F. Aldinger ||
| David S. Rosenbloom,<br>McDERMOTT WILL & EMERY, LLP<br>227 West Monroe Street<br>Chicago, IL 60606 | drosenbloom@mwe.com |
| Counsel for Defendant Gary Gilmer ||
| R. Ryan Stoll<br>Mark E. Rakoczy<br>Andrew J. Fuchs<br>Donna L. McDevitt<br>Patrick Fitzgerald<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 North Wacker Drive<br>Chicago, IL 60606 | rstoll@skadden.com<br>mrakoczy@skadden.com<br>Andrew.Fuchs@skadden.com<br>Donna.McDevitt@skadden.com<br>Patrick.Fitzgerald@skadden.com<br>pclement@bancroftpllc.com<br>zhudson@bancroftpllc.com<br>TKavaler@cahill.com<br>Jhall@cahill.com |

1

| Counsel | E-mail address |
|---|---|
| (312)407-0700<br><br>Paul D. Clement<br>D. Zachary Hudson<br>BANCROFT PLLC<br>1919 M Street NW, Ste. 470<br>Washington, DC 20036<br>(202)234-0090<br><br>Thomas J. Kavaler<br>Jason M. Hall<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, NY 10005<br>(212)701-3000<br><br>Dane H. Butswinkas<br>Steven M. Farina<br>Leslie C. Mahaffey<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington  DC 20005<br>202-434-5000<br><br><br>Luke DeGrand<br>Tracey L. Wolfe<br>DEGRAND & WOLFE, P.C.<br>20 South Clark Street<br>Suite 2620<br>Chicago, Illinois 60603<br>(312) 236-9200<br>(312) 236-9201 (fax) | dbutswinkas@wc.com<br>sfarina@wc.com<br>lmahaffey@wc.com<br>twolfe@degrandwolfe.com<br>ldegrand@degrandwolfe.com |
| Counsel for Defendant Household International Inc. ||
| Michael J. Dowd<br>Spencer A. Burkholz<br>Daniel S. Drosman<br>Luke O. Brooks<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>(619)231-1058 | miked@rgrdlaw.com<br>spenceb@rgrdlaw.com<br>dand@rgrdlaw.com<br>lukeb@rgrdlaw.com<br>jdavis@rgrdlaw.com<br>mmueller@rgrdlaw.com |

1074375_1

| Counsel | E-mail address |
|---|---|
| 619/231-7423 (fax)<br><br>Jason C. Davis<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>(415)288-4545<br>(415)288-4534 (fax)<br><br>Maureen E. Mueller<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>(561)750-3000<br>(561)750-3364 (fax) | |
| Lead Counsel for Plaintiffs | |
| Marvin A. Miller<br>Lori A. Fanning<br>MILLER LAW LLC<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>(312)332-3400<br>(312)676-2676 (fax) | Mmiller@millerlawllc.com<br>Lfanning@millerlawllc.com |
| Liaison Counsel for Plaintiffs | |

1074375_1