# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE E. JAFFE PENSION PLAN, On Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOUSEHOLD INTERNATIONAL, INC., et al., <br><br> Defendants. | Lead Case No. 02-C-5893 (Consolidated) <br><br> <u>CLASS ACTION</u> <br><br> Honorable Jorge L. Alonso |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO STRIKE EXPERT REBUTTAL REPORTS OF
<u>ALLEN FERRELL, CHRISTOPHER JAMES AND BRADFORD CORNELL</u>**

1110648_1

**I.     INTRODUCTION**

Defendants have no excuse for violating the Court's September 8, 2015 Order by filing a second round of rebuttal expert reports on December 21, 2015. The plain language of the Order allowed rebuttal expert reports only if plaintiffs' expert provided a new loss-causation model. He did not. Nor does the Seventh Circuit's opinion help them. After all, the three-step protocol on remand set forth by the Seventh Circuit precisely parallels the procedure used by this Court in its September 8, 2015 Order. Thus, the expert rebuttal reports submitted by defendants on December 21, 2015, should be stricken.

**II.    ARGUMENT**

    **A.    Defendants' Second Rebuttal Report Violates the Court's September 8, 2015 Order**

Defendants spill much ink in their eight-page opposition brief, but fail to devote even a single sentence to explain why the Court's September 8, 2015 Order ("Order") allowed them a second round of rebuttal reports from each of their three new experts on December 21, 2015.[1] Nor can they. The Order is unambiguous on this point: defendants were permitted to serve rebuttal expert reports on December 21, 2015 only "*if* plaintiffs provided an alternate loss-causation model in their rebuttal report." Order at 6 (emphasis added). Defendants concede, as they must, that plaintiffs' expert Fischel did *not* provide an alternate loss causation model in his rebuttal report. Defs' Opp. at 3 (Dkt. No. 2097). Because Fischel did not provide an alternate loss-causation model, the Order did not allow defendants to file a second set of rebuttal reports on December 21, 2015. Thus, defendants violated the Order by filing additional rebuttal reports on December 21, 2015.

---

[1]   The Order did allow defendants to file rebuttal reports on October 23, 2015 in response to Fischel's supplemental report. Defendants did so.

1110648_1

### B. Nothing in the Seventh Circuit's Opinion Authorizes the Defendants to File a Second Round of Rebuttal Reports

Recognizing that the Order barred them from submitting additional rebuttal reports on December 21, 2015, defendants pretend that the Seventh Circuit's decision somehow justifies their defiance. It does not.

To the contrary, the Seventh Circuit set forth a three-part procedure on remand that this Court followed in the Order:

> If the plaintiffs' expert testifies that no firm-specific, nonfraud related information contributed to the decline in stock price during the relevant time period and explains in nonconclusory terms the basis for this opinion, then it's reasonable to expect the defendants to shoulder the burden of identifying some significant, firm-specific, nonfraud related information that could have affected the stock price. If they can't, then the leakage model can go to the jury; if they can, then the burden shifts back to the plaintiffs to account for that specific information or provide a loss-causation model that doesn't suffer from the same problem, like the specific-disclosure model.

*Glickenhaus v. Household Int'l, Inc.*, 787 F.3d 408, 422 (7th Cir. 2015).

This is precisely the three-step protocol that the Court provided in its Order. First, plaintiffs were to submit a supplemental expert report on September 23 in which their expert testified that no firm-specific, nonfraud related information contributed to the decline in the stock price during the relevant time period and explained in nonconclusory terms the basis for this opinion. Order at 6. Second, if plaintiffs did so, defendants were required on October 23, 2015 to "shoulder the burden of identifying some significant, firm-specific, nonfraud related information that could have affected the stock price." *Id.* Finally, plaintiffs were permitted on November 23, 2015 to submit a rebuttal report either "account[ing] for the specific information" or providing an alternate loss causation model. *Id.* The Court allowed defendants to submit a second rebuttal report only "if plaintiffs provided an alternate loss-causation model in their rebuttal report." *Id.* Accordingly, the schedule provided in the Order corresponds faithfully to the three-step protocol on remand set forth by the Seventh Circuit.

- 2 -

1110648_1

Defendants claim that a plain reading of the Court's Order and the Seventh Circuit's decision would be "inappropriate and unjust" because "the prior proceedings in this matter were infected by a legally deficient loss causation model introduced by Plaintiffs." Defs' Opp. at 7-8. Defendants' objection rests on a fundamental misunderstanding of the Seventh Circuit's decision. Rather than concluding that the leakage model was "legally deficient," as defendants incorrectly claim, the Seventh Circuit endorsed the leakage model, rejecting defendants' myriad "broad attacks." *Glickenhaus*, 787 F.3d at 413. The court considered defendants' argument that the model itself had to account for company-specific information as a matter of law, and rejected it as too stringent in light of Supreme Court and Seventh Circuit precedent concerning leakage. *Id.* at 422. The court held: "Fischel's [specific disclosure and leakage] models calculated the effect of the truth, once it was fully revealed, and the jury found that the defendants concealed the truth through false statements. That is enough." *Id.* at 419. Further, the Seventh Circuit recognized that Fischel's leakage model was supported by "evidence that the content of the disclosures was leaking out to the market gradually prior to their release." *Id.* at 421.

The court reversed and remanded, however, because it found that Fischel's testimony that the quantification including leakage was not distorted by firm-specific non-fraud disclosures was too "general on this point." *Id.* at 422. Rather than require "perfect[] exclu[sion]" of any and all firm-specific nonfraud impact, the court required Fischel to account for "significant negative information about Household unrelated to [fraud-related] corrective disclosures (and not attributable to market or industry trends)." *Id.* at 419. Thus, the Seventh Circuit concluded that "[a] new trial is warranted on the loss-causation issue consistent with the approach we've sketched in this opinion." *Id.* at 423. This Court concurred that, "in the new trial, plaintiffs must prove that defendants' misrepresentations were 'a substantial cause of the economic loss plaintiffs suffered.'" Order at 1.

Although loss causation is to be tried anew, defendants never explain why they waited until the second round of rebuttal reports to put forth entirely new "affirmative opinions" or why their experts did not express those opinions in the first set of rebuttal reports filed on October 23, 2015, assuming that they are entitled to new opinions in the first instance.[2] For example, if defendants' experts concluded that inflation per share ranged from $0.52 to $4.19, that information should have been contained in their October 23 expert reports. Likewise, if defendants' experts concluded that the estimation period is incorrect or had a new "structural break" opinion or identified additional non-statistically significant days that were impacted by non-fraud news, that too should have been set forth in defendants' October 23 expert reports. Rather, defendants waited until December 21 to express these entirely new but foreseeable opinions, thereby prejudicing plaintiffs by depriving them of any opportunity to respond. Simply put, the Seventh Circuit's opinion offers defendants no refuge for flouting this Court's straightforward Order, which authorized a second rebuttal report only "*if* plaintiffs provided an alternate loss-causation model in their rebuttal report." Order at 6 (emphasis added).

### III. CONCLUSION

For the foregoing reasons, the expert rebuttal reports submitted by defendants on December 21, 2015, should be stricken.

---

[2] As set forth in a separate motion, defendants are precluded from relying on entirely new substitute expert witnesses at retrial because they have failed to make the required showing of "manifest injustice." *See* Dkt. No. 2068.

- 4 -

1110648_1

DATED: January 20, 2016

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MICHAEL J. DOWD (135628)
SPENCER A. BURKHOLZ (147029)
DANIEL S. DROSMAN (200643)
LUKE O. BROOKS (90785469)
LAWRENCE A. ABEL (129596)

s/ Daniel S. Drosman
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (253370)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MAUREEN E. MUELLER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

MILLER LAW LLC
MARVIN A. MILLER
LORI A. FANNING
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses for counsel of record denoted on the attached Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 20, 2016.

    s/ Daniel S. Drosman
DANIEL S. DROSMAN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: DanD@rgrdlaw.com

1110648_1

*Jaffe v. Household Int'l, Inc.*, No. 02-5893 (N.D. Ill.)
Service List

| Counsel | E-mail address |
|---|---|
| Stewart Theodore Kusper<br>Giovanni Antonio Raimondi<br>THE KUSPER LAW GROUP, LTD.<br>20 North Clark Street, Suite 3000<br>Chicago, IL 60602<br>(312) 204-7938<br><br>Tim S. Leonard<br>JACKSON WALKER L.L.P.<br>1401 McKinney Street, Ste. 1900<br>Houston, TX 77010<br>(713)752-4439 | Stewart.Kusper@Kusperlaw.com<br>Giovanni.Raimondi@Kusperlaw.com<br>tleonard@jw.com |
| Counsel for Defendant David A. Schoenholz ||
| Dawn Marie Canty<br>Gil M. Soffer<br>KATTEN MUCHIN ROSENMAN LLP<br>525 West Monroe Street<br>Chicago, Illinois 60661<br>(312)902-5253 | dawn.canty@kattenlaw.com<br>gil.soffer@kattenlaw.com |
| Counsel for Defendant William F. Aldinger ||
| David S. Rosenbloom,<br>McDERMOTT WILL & EMERY, LLP<br>227 West Monroe Street<br>Chicago, IL 60606 | drosenbloom@mwe.com |
| Counsel for Defendant Gary Gilmer ||

1110648_1

| Counsel | E-mail address |
|---|---|
| R. Ryan Stoll<br>Mark E. Rakoczy<br>Andrew J. Fuchs<br>Donna L. McDevitt<br>Patrick Fitzgerald<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>155 North Wacker Drive<br>Chicago, IL 60606<br>(312)407-0700<br><br>Paul D. Clement<br>D. Zachary Hudson<br>BANCROFT PLLC<br>1919 M Street NW, Ste. 470<br>Washington, DC 20036<br>(202)234-0090<br><br>Thomas J. Kavaler<br>Jason M. Hall<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, NY 10005<br>(212)701-3000<br><br>Dane H. Butswinkas<br>Steven M. Farina<br>Leslie C. Mahaffey<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington DC 20005<br>202-434-5000<br><br>Luke DeGrand<br>Tracey L. Wolfe<br>DEGRAND & WOLFE, P.C.<br>20 South Clark Street<br>Suite 2620<br>Chicago, Illinois 60603<br>(312) 236-9200<br>(312) 236-9201 (fax) | rstoll@skadden.com<br>mrakoczy@skadden.com<br>Andrew.Fuchs@skadden.com<br>Donna.McDevitt@skadden.com<br>Patrick.Fitzgerald@skadden.com<br>pclement@bancroftpllc.com<br>zhudson@bancroftpllc.com<br>TKavaler@cahill.com<br>Jhall@cahill.com<br>dbutswinkas@wc.com<br>sfarina@wc.com<br>lmahaffey@wc.com<br>twolfe@degrandwolfe.com<br>ldegrand@degrandwolfe.com |
| Counsel for Defendant Household International Inc. ||

1110648_1

| Counsel | E-mail address |
|---|---|
| Michael J. Dowd<br>Spencer A. Burkholz<br>Daniel S. Drosman<br>Luke O. Brooks<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>(619)231-1058<br>619/231-7423 (fax)<br><br>Jason C. Davis<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA 94104<br>(415)288-4545<br>(415)288-4534 (fax)<br><br>Maureen E. Mueller<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>(561)750-3000<br>(561)750-3364 (fax) | miked@rgrdlaw.com<br>spenceb@rgrdlaw.com<br>dand@rgrdlaw.com<br>lukeb@rgrdlaw.com<br>jdavis@rgrdlaw.com<br>mmueller@rgrdlaw.com |
| Lead Counsel for Plaintiffs ||
| Marvin A. Miller<br>Lori A. Fanning<br>MILLER LAW LLC<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>(312)332-3400<br>(312)676-2676 (fax) | Mmiller@millerlawllc.com<br>Lfanning@millerlawllc.com |
| Liaison Counsel for Plaintiffs ||

1110648_1